*W. O'Brien,* for appellant.

---

HAYWARD ET AL. *v.* DAVIDSON ET AL.

WILL.—*Devise of Real Estate to County.*—A devise of lands in these words: " I give and bequeath unto the board of commissioners of Kosciusko county, (to be appropriated by the board of commissioners, and their successors in office, for the use of Kosciusko county forever," etc., vested the absolute title in fee simple in the lands in the county of Kosciusko, to be managed by the board

Hayward *et al. v.* Davidson *et al.*

of commissioners or such other body or persons as the general assembly has provided or may provide to take the place of the board of commissioners.

CORPORATION:—*Power to Hold Real Estate.*—With reference to their power to take and hold real estate, corporations may be classified as follows:

*First.* Those whose charters, or laws of creation, forbid that they should acquire and hold real estate. Such corporations cannot take and hold real estate, and a deed or devise to such a corporation can pass no title.

*Second.* Those whose charters, or laws of creation, are silent as to whether they may or may not acquire and hold real estate. In such a case, if the objects for which the corporation is formed cannot be accomplished without acquiring and holding real estate, the power so to do will be implied.

*Third.* Those whose charters or laws of creation, authorize them, in some cases, and for some purpose, to take and hold the title to real estate.

*Fourth.* Those whose charters, or laws of creation, confer upon them a general power to acquire and hold real estate. Corporations thus empowered may take and hold real estate, as freely, and fully, and perfectly as natural persons may take and hold.

SAME.—*County.—Power to Acquire and Hold Real Estate.*—Counties are *quasi* corporations, and fall within the third class above given, and in some cases, and for some purposes, are authorized to take and hold title to real estate. They are expressly empowered to acquire and hold title to real estate for a location for county buildings and for a poor farm, and there may be other instances.

SAME.—Where a corporation is authorized to acquire and hold title to real estate for some purposes, it cannot be made a question by any party, except the State, whether or not real· estate acquired by such corporation has been acquired for the authorized uses or not.

APPEAL from the Kosciusko Circuit Court.

PETTIT, C. J.—The only question in this case is, whether a devise in these words will vest a title in the board of commissioners, or in the county, for the property: "I give and bequeath unto the board of commissioners of Kosciusko county, to be appropriated by the board of commissioners, and their successors in office, for the use of Kosciusko county forever." These ·are not the very words of the will, but it is agreed this is their purport and intent, and that they are to be so taken and understood as their proper meaning.

Whether the county or board of commissioners is named, is all the same thing in law, for the one is the other for all legal or practicable purposes.

Any person or corporation who can hold land in this State may take by devise. 2 G. & H. 551, sec. 1.

The board of commissioners is a corporation, and has all the rights of other corporations. 1 G. & H. 248, sec. 5.

We hold that the bequest vested in the county of Kosciusko, to be managed by the board of commissioners, or such other body or persons as the general assembly has or may provide to take the place of the board of commissioners, a fee simple and absolute title in the lands thus bequeathed. The laws of Ohio and our own are substantially the same, and the case of *Carder* v. *The Board of Commissioners of Fayette County,* 16 Ohio St. 353, is fully, directly, and conclusively in point. All wishing further information on this question are referred to that case, which we fully approve.

The judgment is affirmed, at the costs of the appellants.

## ON PETITION FOR A REHEARING.

DOWNEY, J.—A petition for a rehearing has been filed in this case, in which it is insisted that the ruling of the court, in affirming the judgment of the circuit court, is erroneous. We have re-examined the question decided, and have reached the conclusion that the judgment was rightly affirmed, and that the petition for a rehearing ought to be overruled.

The majority of the court, however, prefer to put the decision of the case on somewhat different ground rather than to say that a county may, for all purposes, take and hold the title to real estate.

Corporations, when considered with reference to their power to take and hold real estate, may be classified.

First. There are those whose charter, or law of creation, forbids that they should acquire and hold real estate. When this is the case, the corporation cannot take and hold real estate, and a deed or devise to such a corporation can pass no title. Angell & Ames Corp., sec. 152.

Second. Those whose charter or law of creation is silent as to whether they may or may not acquire and hold the title to real estate. It is as to corporations of this class that most of the difficulties and doubts arise. As a general

rule, it may be said that in such cases there is no power to acquire and hold such property. But if the objects for which the corporation was formed cannot be accomplished without acquiring and holding the title to real estate, the power to do so would undoubtedly be implied. The right to acquire and hold real estate is not enumerated among the powers or attributes of corporations in the statute of this State making general provisions concerning corporations. 1 G. & H. 268, sec. 2.

Third. Those corporations whose charter, or law of creation, authorizes them in some cases, or for some purposes, to take and hold the title to real estate. Counties, which are *quasi* corporations, fall under this division. They are expressly empowered to acquire and hold the title to real estate for a location for county buildings and for a poor farm, and there may be other instances. In these cases, the rule seems to be that, as the corporation may, for some purposes, acquire and hold the title to real estate, it cannot be made a question by any party, except the State, whether the real estate has been acquired for the authorized uses or not. The corporation having legal capacity to take the title, the deed or devise is effectual to convey the title to the corporation.

Judge DILLON, in his work on municipal corporations, sec. 444, lays the law down thus: "Whether a municipal corporation, with power to purchase and hold real estate for certain purposes, has acquired, and is holding, such property for other purposes, is a question which can only be determined in a proceeding instituted at the instance of the State. If there is capacity to purchase, the deed to the corporation divests the estate of the grantor, and there is a completed sale, and whether the corporation, in purchasing, exceeds its power is a question between it and the State, and does not concern the vendor." See, also, *Leazure* v. *Hillegas*, 7 S. & R. 313; *Chambers* v. *City of St. Louis*, 29 Mo. 543, and cases there cited; Angell & Ames Corp., sec. 152.

Counsel for appellants admit that a county, in some instances, and for some purposes, may take and hold real es-

tate. If the foregoing doctrine is correct, this admission is fatal to their case.

Fourth. Our last class of corporations is made up of those whose charter, or law of creation, confers upon them a general power to acquire and hold real estate. Corporations thus empowered may, of course, take and hold real estate as freely and as fully and perfectly as natural persons may take and hold.

The petition is overruled.

PETTIT, C. J., being indisposed, was absent.

*E. Haymond, E. V. Long, T. A. Hendricks, O. B. Hord,* and *A. W. Hendricks,* for appellants.

*G. W. Frazier, H. S. Biggs, D. D. Pratt, D. P. Baldwin,* and *J. S. Frazer,* for appellees.