### GEORGE H. BARNES

*v.*

### FRANCIS H. SUDDARD.

*Filed at Ottawa May 15, 1886.*

1. CORPORATIONS—*foreign and domestic—placed on the same footing.* The purpose of section 26, chapter 32, of the Revised Statutes of 1874, was to produce uniformity in the powers, liabilities, duties and restrictions of foreign and domestic corporations of like character, and bring them all under the influence of the same law. Therefore a foreign corporation doing business in this State possesses the same, but no greater, powers, than a corporation organized under our statute.

2. SAME—*power to acquire real estate—extent of the power.* Corporations for pecuniary profit, organized under chapter 32 of the Revised Statutes of 1874, are invested with power and capacity to hold and own so much

real estate as may be necessary for the transaction of their business.  So a corporation organized under the laws of another State which confer upon it similar or greater capacity, may acquire title to real estate in this State, so far as the same may be necessary for the transaction of its business.

3.   SAME—*acquiring real estate for a purpose not authorized—who may complain.*  If a corporation, foreign or domestic, has the power to acquire and hold real estate for any purpose, a deed to it will divest the grantor of his title, whether it is acquired for the purpose authorized, or not; and whether the corporation has exceeded its powers in purchasing, as, a purchase for a purpose not authorized, is a question between it and the State, and does not concern the grantor or those claiming under him adversely to the corporation.

APPEAL from the Circuit Court of Cook county; the Hon. KIRK HAWES, Judge, presiding.

Mr. FRANK J. CRAWFORD, for the appellant:

When a foreign corporation undertakes to acquire title to land in this State beyond what is necessary in the transaction of its business or the collection of its debts, the conveyance is absolutely void.   *Carroll* v. *City of East St. Louis*, 67 Ill. 568; *Starkweather* v. *Bible Society*, 72 id. 50; *Trust Co.* v. *Lee*, 73 id. 142; *Catholic Congregation* v. *Germain*, 104 id. 440.

The courts of Connecticut have declared that the powers of such corporations do not extend beyond the express authority conferred by the statute.   *Occurn Co.* v. *Manufacturing Co.* 34 Conn. 541; *Fire Ins. Co.* v. *Ely*, 5 id. 560; *Green* v. *Dennis*, 5 id. 293.

Mr. JOHN M. GARTSIDE, for the appellee:

The corporation was authorized by the laws of Connecticut to "hold any property necessary for its purposes, and such as shall be taken in payment of or as security for debts due to it."   Rev. Stat. of Conn. 1875, p. 313.

Section 5 of the act of 1872 of this State, relating to corporations, gives such corporations, organized in this State, power to "own, possess and enjoy so much real and personal estate as shall be necessary for the transaction of their busi-

ness," etc. Section 26 of the same act provides that foreign corporations doing business in this State shall be subject to all the liabilities, restrictions and duties that are or may be imposed upon corporations of like character organized under the general laws of this State.

The right of a corporation to take and hold real estate can only be questioned by a direct proceeding prosecuted in behalf of the State. *Hough* v. *Land Co.* 73 Ill. 23; *Baker* v. *Neff*, 73 Ind. 68; *Alexander* v. *Tolleston Club*, 110 Ill. 72; *National Bank* v. *Matthews*, 93 U. S. 628.

If there is capacity to purchase, the deed to the corporation divests the estate of the grantor, and there is a completed sale; and whether the corporation, in purchasing, exceeds its power, is a question between it and the State, and does not concern the vendor. Dillon on Mun. Corp. sec. 444; *Hayward* v. *Davidson*, 41 Ind. 214.

Mr. Justice Craig delivered the opinion of the Court:

This was an action of ejectment, brought by George H. Barnes, appellant, to recover two certain lots in Chicago. Both parties claim title under Charles D. Fairbanks as a common source, — the plaintiff, under a deed executed by Charles D. Fairbanks, September 24, 1881, recorded October 14, 1881, conveying the premises to Achsah P. Fairbanks; and the defendant, under a deed executed by Charles D. Fairbanks, October 3, 1879, recorded October 11, 1879, conveying the premises to the United States Steam Feed Company, a corporation organized under the laws of the State of Connecticut, and doing business in the city of Boston. The corporation conveyed the premises to Mary E. Gardner by deed dated December 29, 1879, and the title thus conveyed passed, by *mesne* conveyances, to the defendant.

The deed made by Fairbanks to the corporation being first in date, must prevail over the second deed executed by the same party, unless the first deed is invalid. It is contended

by appellant that the corporation had no power to acquire or convey the land, and that the deed made to it by Fairbanks is void, and this is the only question presented by the record.

In order to determine whether the Connecticut corporation had the power to acquire and convey the lots in question, it will be necessary to examine its charter and the law of the State where it was organized, and also our own statute in relation to the powers of foreign corporations in this State.

Section 1 of article 3 of the act of Connecticut, under which the corporation was organized, is as follows: "Every such corporation may hold any property necessary for its purposes, and such as shall be taken in payment of or as security for debts due to it." (See Rev. Stat. of Connecticut, 1875, page 313.) The corporation was organized March 23, 1877, and its certificate of incorporation declares the business of the corporation to be "to make and sell feed for horses and cattle under letters patent No. 98,849, dated January 18, 1870, and analogous articles, and to buy and sell, and deal generally in, such real and personal estate as may be necessary and convenient in the prosecution of said business."

Section 5, of the Revised Statutes of 1874, entitled "Corporations," provides: "Corporations formed under this act shall be bodies corporate and politic, for the period for which they are organized; may sue and be sued; may have a common seal, which they may alter or renew at pleasure; may own, possess and enjoy so much real and personal estate as shall be necessary for the transaction of their business, and may sell and dispose of the same when not required for the uses of the corporation. They may borrow money at legal rates of interest, and pledge their property, both real and personal, to secure the payment thereof; and may have and exercise all the powers necessary and requisite to carry into effect the objects for which they may be formed." Section 26 of the same act provides, that "*foreign* corporations, and the officers and agents thereof, doing business in this State,

shall be subject to all the liabilities, restrictions and duties that are or may be imposed upon corporations of like character organized under the general laws of this State, *and shall have no other or greater powers.*"

It appears from the evidence introduced on the trial, that the corporation sold Fairbanks the right to make, use and sell feed for horses and cattle, under letters patent No. 98,849, in and for the State of Colorado, and that the deed to the Chicago property was made to the corporation for the right thus sold. So far as appears, this is the only business transacted by the corporation in this State. From the language of the statute and the charter of the corporation, we think it is apparent that the corporation is empowered, in the State where it was organized, to acquire and hold at least such real estate as may be necessary for the transaction of its business, and also such as may be taken in payment of or as security for debts. It is also plain that under section 5 of our statute in relation to corporations, corporations organized under that statute are authorized to hold so much real estate as may be necessary for the transaction of their business. This section of the statute clearly confers the power on domestic corporations to hold lands, and section 26 of the same statute, as we have seen, provides that foreign corporations shall be subjected to all the liabilities, restrictions and duties that are or may be imposed upon corporations of like character organized under the general laws of this State, and shall have no other or greater powers. What was intended by the legislature in the enactment of this provision of the statute? The answer to the inquiry may be found in what was said in *Stevens* v. *Pratt,* 101 Ill. 217: "The manifest and only purpose was to produce uniformity in the powers, liabilities, duties and restrictions of foreign and domestic corporations of like character, and bring them all under the influence of the same law." From this it would seem that a foreign corporation doing business in this State, possesses the same but no greater

powers than a corporation organized under our statute. Indeed, the language of the last sentence of section 26, that foreign corporations shall have no other or greater powers than our domestic corporations, can imply nothing less than they are to have the same powers.

If we are correct in this position, that the Connecticut corporation had the power to acquire real estate in this State necessary for the transaction of its business, or such as may be taken in payment or as security for debts, as we think it is clear it had, the remaining question to be determined is, whether the deed is void for the reason and upon the ground that the property purchased was not necessary for the transaction of the business of the corporation. It will be remembered that this question arises collaterally, and not in a direct proceeding against the corporation to determine its powers, rights or privileges. Dillon, in his work on Municipal Corporations, sec. 444, in the discussion of the question says: "Whether a municipal corporation with power to purchase and hold real estate for certain purposes, has acquired and is holding such property for other purposes, is a question which can only be determined in a proceeding instituted at the instance of the State. If there is capacity to purchase, the deed to the corporation divests the estate of the grantor, and there is a complete sale; and whether the corporation, in purchasing, exceeds its powers, is a question between it and the State, and does not concern the vendor or others." The rule announced by Dillon has been indorsed by two well considered cases in Indiana,—*Hayward* v. *Davidson*, 41 Ind. 214, and *Baker* v. *Neff*, 73 id. 68. Other States where the question has been presented, adopted the same rule, and the Supreme Court of the United States, in *National Bank* v. *Matthews*, 98 U. S. 628, hold to the same doctrine.

The question, however, is not a new one in this State. In *Hough* v. *Cook County Land Co.* 73 Ill. 23, the authorities were cited, and it was expressly held that where the corpora-

tion had the power to purchase and hold real estate for a specified purpose, the title to. the land will pass,. although the corporation may have exceeded its powers; that whether the corporation has exceeded its powers in making the purchase, is a question between the corporation and the State, with which the grantor has no concern. `The same question arose in *Alexander* v. *Tolleston Club of Chicago,* 110 Ill. 65, and it was there held, where a corporation, by the law of its creation, is authorized, in some cases or for some purposes, or to a certain extent, to take and hold the title to real estate, it can not be made a question by any party except the State whether the real estate has been acquired for the authorized uses or not, or is in excess of the capacity of the corporation to take and hold. The State alone must assert her policy in that regard. `Here, the corporation organized under the laws of the State of Connecticut was clothed with power to take and hold real estate for certain specified purposes, and when the deed was executed, the title held by Fairbanks passed, and whether the corporation exceeded its powers in accepting the conveyance, is a question which can not be raised by Fairbanks or his subsequent grantee, on the trial of an action of ejectment. Had the corporation been clothed with no power to acquire real estate in this State, or if the purchase had been prohibited by statute or contrary to the manifest policy of our laws, a different question would be presented,. and the cases of *Carroll* v. *East St. Louis,* 67 Ill. 568, and *Starkweather* v. *American Bible Society,* 72 id. 50, might properly be invoked as authority; but such is not the case.

We think the judgment of the circuit court is correct, and it will be affirmed..

*Judgment affirmed.*

SHOPE and MAGRUDER, JJ.: We do not concur in this opinion. .