## GILBERT v. HOLE.

1.  The rule is general that, where a corporation is authorized for some purposes, or to a limited extent, to take conveyance of and hold real estate, a deed of lands for other purposes, or beyond the limit allowed, is not absolutely void, but passes the title as between the parties, subject only to be inquired into in a direct proceeding by the state.

2. Whether a deed to a corporation, forbidden by its charter or the law under which it is organized to take or hold real estate for any purpose, is void, or only voidable at the instance of the state, is not involved in this case, and is not decided.

3. A corporation organized for the purpose, among others stated, of buying and selling personal property, is to that extent at least organized for a legal purpose, and may, under Section 7, art. 17, of the constitution, take and hold such real estate as may "be necessary and proper for its legitimate business;" and, under the rule first above announced, whether such corporation has taken the title to lands described for a purpose other than that allowed by the constitution is a matter between the government of the state and the corporation.

4. An undisputed allegation in the complaint, that the land described was purchased by such corporation for the "sole purpose of speculation and profit," does not withdraw the case from the dominion of the rule. It is a question of the power of the corporation to receive title; not a question of the conditions under which such power may be exercised, or whether in any case such conditions have been met.

(Syllabus by the Court. Opinion filed June 19, 1891.)

Action to quiet title in the plaintiff to certain lands, and to set aside certain conveyances of said lands under which the defendant claimed. Defendant demurred to the complaint which demurrer was sustained. Plaintiff appeals. Affirmed.

The facts are fully stated in the opinion.

*Kirke Wheeler* for appellant.

No corporation, either domestic or foreign, can transact in this state the business of buying and selling real estate under our state constitution. Art. 17, §§ 6, 7, Const. South Dakota; § 567, Civ. Code; Cooley's Const. Lim., pp 46, 47, 209, 210.

To say that a corporation whose sole business is traffic in real estate holds it as necessary and proper for its legitimate business, is a perversion of the intent and purpose of the legislature, and if that construction were to prevail the limitation of the constitution would be no limitation at all.

*Melville & Langley* for respondent.

A corporation in this state may take the title to real estate and deal with the same for profit and speculation the same as a natural person. Cooley Const. Lim. p 10; Leavitt v. Palmer, 3 Conn. 19; Talmage v. Pell, 3 Selden 328; Bissell v. Railroad, 22 N. Y. 260; Pearce v. Railroad, 21 How. 442; Root v. Goddard,

3 McLean 102; Root v. Wallace, 4 Id. 8; McGregor v. Railroad, 16 L. and Eq. 180; Coleman v. Railroad, 10 Beav. 1; Ang. and Ames. on Corp. §§ 256 to 273; Wood's Field on Corp. p. 1; Boone on Corp. § 37.

KELLAM, P. J.   Plaintiff's complaint states the following facts as constituting his cause of action:   (1) That the Middlesex Banking Company is a corporation organized under the laws of the State of Connecticut, and that its general business is loaning money, and taking as security therefor mortgages upon real estate in South Dakota and' other states and territories.   (2) That the Union Investment Company is a corporation organized under the laws of the State of Minnesota, and that its general business, as set forth in its articles of incorporation, is to buy, hold, improve, lease, sell, and deal in lands, tenements, and hereditaments, and any property, real, personal or mixed, wherever situated; to subdivide, plat, and lay out lands into towns, additions and building grounds; and that its principal place of business is the city of St. Paul, Minn. (3) That in May, 1887, the said Middlesex Banking Company loaned to one James a sum of money, and took as security therefor a mortgage upon real estate, therein particularly described, in Beadle county, then Territory of Dakota, now State of South Dakota. That upon default in the payment of said mortgage the said company caused the same to be foreclosed, and to protect its interests purchased said mortgaged premises at such foreclosure sale, and through said foreclosure proceedings became the owner in fee-simple of said lands.   (4) That afterwards, in December, 1889, the said Middlesex Banking Company, by deed in all respects in proper form, acknowledged and delivered, attempted to convey said lands in fee-simple to said Union Investment Company, which deed was recorded in the office of the register of deeds of said Beadle county December 15, 1889; and that said Union Investment Company made said pretended purchase of said lands for the sole purpose of speculation and profit.   (5) That in September, 1890, the said Union Investment Company executed in due form its deed of said lands, by which it undertook to convey the same to the de-

fendant herein, who now unjustly and wrongfully claims to hold and own said lands under and by virtue of said pretended conveyance. (6) That in September, 1890, the Middlesex Banking Company, by deed in proper form, duly acknowledged and delivered, conveyed said lands to plaintiff, not having made any other conveyance of said lands, except as aforesaid to the said Union Investment Company. The relief asked was that the conveyance from the Middlesex Banking Company to the Union Investment Company, and the conveyance from the Union Investment Company to defendant, be declared void and of no effect, and that the title to said lands be quieted in plaintiff. To such complaint defendant demurred upon the grounds: (1) That the same does not state facts sufficient to constitute a cause of action. (2) That the complaint alleges that the title of defendant is derived from the Union Investment Company, a corporation, and that under the laws of the State of South Dakota, to-wit, Section 7, Article 17, of the constitution of the State of South Dakota, a corporation cannot take, hold, and transfer the title of lands for profit. The demurrer was sustained, and the action dismissed, and from such order and judgment plaintiff appeals.

Said Section 7, Article 17, of the constitution, is as follows: "No corporation shall engage in any business other than that expressly authorized in its charter, nor shall it take or hold any real estate except such as may be necessary and proper for its legitimate business."

The plaintiff derived his title directly, and the defendant his indirectly, from the same source,—the Middlesex Banking Company. If that company had power to convey to plaintiff the title which he asserts and seeks to maintain as the foundation of this action, it had the power to convey to the Union Trust Company, unless the latter company was incapaciated to take the title, and for that reason the attempt to convey failed for want of a competent grantee. If the Union Investment Company was qualified to take the title, or did in fact take it, that would settle plaintiff's claim to title, for the investment company's deed was prior in delivery and recording to that of

plaintiff. It is plain that, if the deed of the Middlesex Bank·ing Company to the Union Investment Company was sufficient to divest the former of his title, its subsequent deed to plaintiff was inoperative and futile, for it then had no title to convey. The principal question discussed in the briefs of counsel is the power and capacity of a corporation to take, hold, and convey real estate for profit under the provisions of the constitution above quoted. There is, however, a question in this case preliminary to the one discussed by counsel, and that is whether, conceding that the constitutional provision quoted is intended to and does prohibit the Union Investment Company from buying and selling real estate "for the sole purpose of speculation and profit," can such prohibition be enforced, and a conveyance to such corporation be held absolutely void, in a collateral action between third parties? We think it has been pretty generatly held that where a corporation is authorized for some purposes or to a limited extent to take conveyance of and hold real estate, a deed of lands for other purposes, or beyond the limit allowed, is not absolutely void, but passes the title as between the parties, subject only to be inquired into in a direct proceeding by the state. In Dill Mun. Corp. (4th Ed.) § 574, the rule is stated thus: "Whether a municipal corporation, with power to purchase and hold real estate for certain purposes, has acquired and is holding such property for other purposes, is a question which can only be determined in a proceeding instituted at the instance of the state. If there is capacity to purchase, the deed to the corporation divests the estate of the grantor, and there is a complete sale; and whether the corporation in purchasing exceeds its powers is a question between it and the state, and does not concern the vendor or others." See, also, to the same effect, Cowell v. Springs Co., 100 U. S. 60; Bank·v. Mathews, 98 U. S. 628; Mining Co. v. Clerkin, 14 Cal. 552; Hayward v. Davidson, 41 Ind. 214; Barnes v. Suddard, 117 Ill. 237, 7 N. E. Rep. 477; Goundie v. Northampton, etc., Co., 7 Pa. St. 233; De Camp v. Dobbins, 29 N. J. Eq. 36. In Cowell v. Springs Co., *supra*, Mr. Justice FIELD, speaking for the court, said: "It would create great inconven-

iences and embarrassments if in actions by corporations to re-
cover possession of their real property, an investigation was
permitted into the necessity for such property for the purposes
of the incorporation, and the title made to rest upon the proof
of that necessity." This was said in an action where the cor-
poration itself was a party; but the reasoning must apply with
greater force in a case like this, where the corporation whose
right to take and convey is the proposed subject of inquiry is
not before the court. A different question, however, is recog-
nized when the inquiry is as to the effect of a conveyance to a
corporation whose charter, or the law under which it is organ-
ized, forbids it to take or hold real estate for any purpose. In
such case there would seem to be wanting the capacity to take
title, but even when the authorities differ as to whether a deed
to such a corporation is void, or only voidable at the instance
of the state. In Ang. & A. Corp., § 152, it is said: "There
can be no doubt that if a corporation be forbidden by its char-
ter to purchase or take lands, a deed made to it would be void,
as its capacity may be determined from the instrument which
gives it existence;" but in Hickory Farm Oil Co. v. Buffalo, etc.
R. Co., 32 Fed. Rep. 22, the plaintiff was a New York corpora-
tion, having taken deed to real estate in Pennsylvania. The
statute of the latter state forbids a foreign corporation to "ac-
quire and hold" real estate. In ejectment by plaintiff the court
held that the deed to plaintiff was not void, but that it conveyed
the title of the grantor, and that the commonwealth alone
could object to the legal capacity of the plaintiff to hold the
real estate. For the purposes of this case, however, it is not
necessary to pursue the discussion upon this point. The cases
in which the deed to a corporation has been held void and in-
operative are those in which such corporation, either by its
charter or by the law, is forbidden to acquire real estate at all,
—cases in which it has been held there was an utter want of
capacity in the corporation to receive title; but in the case be-
fore us the Union Investment Company was incorporated
for the purpose, among others, of buying and selling personal
property. To that extent it was organized for a legal purpose,

even conceding that its business of dealing in real estate for profit was illegal. It was a corporate body, some of whose purposes at least were legal and legitimate; and as such it had the power to take and hold such real estate as might "be necessary and proper for its legitimate business." In this respect the case is like Cowell v. Springs Co., *supra*, and would come very clearly under control of the same rule as applied in that case, to-wit, that whether the corporation has taken the title of the lands described for a purpose other than that allowed by the constitution "is a matter between the government of the state and the corporation." True, it is alleged in the complaint, and must be taken as admitted, that this land was purchased by the Union Investment Company for the sole purpose of speculation and profit, and that, we think, does not withdraw the case from the dominion of the rule first noticed. The rule is general that, when the corporation has capacity to take title under certain conditions, it cannot be the subject of inquiry between third parties whether in any case the requisite conditions were met, or the title made to depend upon proof as to whether in such case the corporation was acting within its power in taking or attempting to take such title. It is a question of the power of the corporation to receive the title, not a question of the conditions under which such power may be exercised. If the power exists, the state only can question the manner of its exercise. Such is very clearly the teaching of the cases cited *supra*. If these views are correct, it necessarily follows that as between the parties the deed from the Middlesex Banking Company to the Union Investment Company conveyed the title to the land in question, so that nothing remained in the former company for its subsequent deed to plaintiff to operate upon; leaving the further conclusion inevitable that in his complaint the plaintiff does not state facts which constitute a cause of action in his favor, and that the demurrer was properly sustained. The order and judgment of the court below is affirmed. All the judges concurring.