## THOMAS v. WILCOX et al.

1. Where a patent from the government names the president of the board of trustees of an incorporated town as the grantee of land in trust for the use and benefit of occupants, the president may convey the land, and his deed is admissible in evidence without showing that the corporate authorities of the town either joined in or had authorized its execution.

2. The sufficiency of the description of property in a complaint to quiet title cannot be questioned for the first time in the Supreme Court.

3. Where the president of the board of trustees of an incorporated town was sufficiently described as the grantor in a deed of property conveyed to an occupant, and he signed the instrument as such trustee, it was sufficient for the notary to certify in the acknowledgment that such grantor was known to him "to be the person who is described in and who executed the annexed instrument."

4. The objection to the admission in evidence of a deed to a corporation as grantee, without sufficient proof of incorporation, is without merit, where a properly certified copy of the articles of incorporation of the company is also in evidence.

5. Whether a corporation was properly organized, to authorize it to engage in the business it is pursuing, cannot be raised in an action to which it is not a party by objecting to the admission in evidence of a deed made by it as a link in the chain of title.

6. Laws 1890, c. 154, § 5, provides that it shall be the duty of the Secretary
    18 S. D.—40

of State, on an application for a corporate charter, to require two applicants therefor to make oath that such corporation is not being formed for the purpose of enabling several corporations to avoid the provisions of the act, and provides that "if such oath or affirmation is not satisfactory the Secretary is authorized to withhold such charter." Held, that the validity of a corporate charter is not affected by the fact that the affidavit of one of such incorporators contains matter not necessary to its compliance with the law.

(Opinion filed December 21, 1904.)

Appeal from circuit court, Roberts county; Hon. A. W. CAMPBELL, Judge.

Action to quiet title by Mary A. Thomas against Nelson Wilcox and Noble Wilcox. From a judgment for plaintiff, Nelson Wilcox appeals. Affirmed.

*E. M. Bennett, J. O. Andrews*, and *Batterton & Humphrey*, for appellant.

It is one of the essential elements in the description of real property in a conveyance that it must be sufficiently certain to furnish the means of identification of the premises intended to be conveyed, and if it is too vague and too uncertain for this purpose the instrument containing it is inoperative and void. McRoberts v. McArthur, 62 Minn. 310, 64 N. W. 903.

If the description is sufficient to identify the land the form adopted is immaterial whether it is by reference to a plat or well known objects or names or monuments or by metes and bounds. Bailey v. Galpin, 41 N. W. 1055.

If the description in the deed is so deficient and inaccurate that the subject of the grant is not properly identified or indicated so that a reformation of the instrument is required the legal title will not pass. Bailey v. Galpin, 40 Minn. 319, 41 N. W. 1055.

If the subject of the grant cannot be ascertained from the description given the grant becomes void from the very nature of the case. Wood y. McKenna, 23 Texas 44; Mascy heirs v. Long, 2 Ohio 287; U. S. v. King, 3 Howard 773; Reed v. Lammel, 28 Minn. 306.

*D. C. Thomas,* for respondent.

The sufficiency of the description of property in a complaint to quiet title cannot be questioned for the first time in the supreme court. Norton v. Nebraska Loan & Trust Co., 58 N. W. 953; Bauman y. French, 79 N. W. 851.

Where persons assume to incorporate under the laws of the state and in part comply with their requirements, assume corporate functions, and transact business as a corporation, private persons cannot collaterally question the right of such an association to a corporate existence, although there has not been a full compliance with the provisions of the statute. Concord Apartment House Co. v. Alaska Refrigerator Co., 78 Ill. App. 682.

The fact that one of the purposes of incorporation set forth in a charter is unauthorized by the statute under which the incorporation is effected does not impair the validity of the rest of the charter. Tennessee Automatic Lighting Co. v. Massy, 56 S. W. 35.

CORSON, P. J. This is an action to quiet title to certain lots in the incorporated town of Sisseton. The complaint is in the usual form. The defendant, Nelson Wilcox, who was the only defendant served and appearing in the action, denied the allegations of the plaintiff's complaint, and alleged in his answer that the Reservation Land Improvement Company was in

fact a copartnership, and that he was one of such copartners; that said copartnership owned the lots in question; and that, as such copartner, he had an interest therein. The case was tried by a referee, who found the facts and stated his conclusions of law in favor of the plaintiff. The report of the referee was confirmed by the court, and judgment entered thereon, and from this judgment and order denying a new trial the defendant Nelson Wilcox has appealed.

The plaintiff claimed title under a deed from the Reservation Land Improvement Company, which claimed title to the same under a patent from the government of the United States to the president of the board of town trustees in trust for the use and benefit of the occupants of the town. It is contended by the appellant that the court erred in admitting in evidence, over defendant's objections, plaintiff's Exhibit C—being the deed from Herbert L. Green, president of the board of trustees of the town of Sisseton, to the Reservation Land Improvement Company, through which plaintiff claims title to the land in controversy—for the reason that there was no evidence that the corporate authorities of said town had either joined in or authorized the execution of said deed. This objection was clearly untenable, for the reason that the patent introduced in evidence, after the usual recitals, grants the property to the president of the board of trustees in trust for the use and benefit of the occupants, and to his successors, and not to the incorporated town or its board of trustees. It will thus be seen that the legal title to the property vested in Herbert L. Green in trust for the occupants, and that he was the proper and only party authorized to execute the deed to such occupants. The Reservation Land Improvement Company claimed to be such

an occupant, and the government title, through Herbert L. Green, as trustee, was properly vested in the corporation. The Land Department has given to the acts of Congress a construction, and the construction of that department is conclusive upon this court until the patent is assailed by the government itself.

It is further contended by the appellant that the description of the property in the plaintiff's complaint is not sufficiently definite and certain to enable her to quiet title to the same; but this question, so far as the abstract discloses, was not raised in the court below, either on the trial or the motion for a new trial, and hence cannot be raised for the first time in this court. Parrish et al. v. Mahany, 12 S. D. 278, 81 N. W. 295, 76 Am. St. Rep. 604; Noyes v. Brace, 9 S. D. 603, 70 N. W. 846; Thresher Co. v. Schmidt, 9 S. D. 489, 70 N. W. 646.

It is further contended by the appellant that the acknowledgment of the deed purporting to be executed by Herbert L. Green to the Reservation Land Improvement Company was defective in that there is an omission of the notary to certify that said Herbert L. Green was known to him to be such trustee; but we are of the opinion that there is no merit in this contention, as the notary certifies that said Herbert L. Green was known to him to be the person who is described in and who executed the annexed instrument, and in the deed itself it recites ''That I, Herbert L. Green, President of the Board of Trustees of the town of Sisseton, Roberts county, as Trustee for the several occupants and claimants of the said town, party of the first part, for and in consideration,'' etc.; and the deed is signed, ''Herbert L. Green, President Board of Trustees of

Sisseton, Roberts County, South Dakota." The certificate of the notary, therefore, that said Green was known to him to be the person who is described in and who executed the annexed instrument, was sufficient. Dail v. Moore, 51 Mo. 589. The legal title being vested in the president of the board, such president, in transferring the title to the corporation, executed the deed as the legal owner; and in such case a different rule prevails from that governing a deed made by an officer acting for and in behalf of a corporation, or an officer who executes a deed as such officer, not being vested with the legal title. While it may be necessary for the notary, in taking the acknowledgment of the officer of a corporation, or a public officer in the execution of process, to certify that he knows such person to be the officer therein described, such certificate is not required in the case of a trustee in whom is vested the legal title.

It is further contended by the appellant that the deed from Green to the Reservation Land Improvement Company was also improperly admitted in evidence for the further reason that the said Reservation Land Improvement Company was not shown to be a corporation. This contention is also untenable, for the reason that a properly certified copy of the articles of incorporation of said company was admitted in evidence, and from it it appears that such a company was incorporated, and complied with the laws of the state in reference thereto, had accepted its articles of incorporation, and had organized and transacted business thereunder.

It is contended, however, that the incorporation was for purposes not authorized by the statute, namely, "the ownership, purchase, sale, and improvement of lands, or the carry-

ing on of any industrial pursuit which may from time to time seem to be demanded by the best interests of the company." Whether or not the company was properly organized to en-gage in that particular business cannot be raised collaterally in this proceeding. It was certainly authorized to acquire and hold land for certain purposes, and whether or not the amount of land acquired and held exceeded the limits authorized by law can only be determined in an action brought on behalf of the state. Gilbert v. Hole, 2 S. D. 164, 49 N. W. 1; Toledo & A. A. R. Co. v. Johnson, 55 Mich. 456, 21 N. W. 888; Detroit City R. Co. v. Mills, 85 Mich. 634, 48 N. W. 1007; Wyandotte Electric Light Co. v. Wyandotte, 124 Mich. 43, 82 N. W. 821; Goodbread v. Philadelphia, B. & B. M. Turnpike Co., 13 Pa. Super. Ct. 82; Concord Apartment House Co. v. Alaska Re-frigerator Co., 78 Ill. App. 682; Tennessee Automatic Lighting Co. v. Massey (Tenn. Ch. App.), 56 S. W. 35.

The further contention by the appellant that the articles of incorporation were insufficient for the reason that the affida-vits as to the trust clause required by law were not as full and specific as the law requires, we think, is also untenable. Chap-ter 154 of the Laws of 1890 (section 5) provides that it shall be the duty of the Secretary of State, on the application of per-sons for a corporate charter, to require two applicants there-for to make oath that such corporation is not being formed for the purpose of enabling several corporations to avoid the pro-visions of the act, and provides that "if such oath or affirma-tion is not satisfactory the Secretary is authorized to withhold such charter." In the case at bar the affidavits were in fact made by two of the incorporators. The first—that made by Her-bert L. Green—was substantially in the form required by the

statute, and was clearly sufficient. The second, made by F. W. Pettigrew, was also in substantial compliance with the statute, though it contained matter in addition thereto not required by the statute, and therefore sufficiently complied with the law. The finding of the court that there was no partnership agreement, and that the defendant had no interest in any part of the premises described in the complaint, and that his alleged claim was unfounded, was clearly sustained by the evidence.

Finding no error in the record, the judgment of the circuit court and order denying a new trial are affirmed.