JORDHEIM et al., Appellants v. BOTTUM et al., Respondents

(85 N.W.2d 731)

(File No. 9641. Opinion filed November 5, 1957.
Rehearing denied December 18, 1957.

**Bangs, McCullen & Butler,** Rapid City, for Plaintiffs and Appellants.

**Davenport, Evans, Hurwitz & Smith,** Sioux Falls, for Defendant and Respondent Crippled Children's Hospital and School.

**Roswell Bottum** and **George Beal,** Rapid City, for Defendant and Respondent **J. H. Bottum, Jr.**

**William Williamson,** Rapid City, and **H. F. Chapman,** Sioux Falls, for Defendant and Respondent South Dakota Children's Home Society.

RENTTO, J. The ultimate question resolved by this appeal is whether the property involved goes to two charities named in the will or, under our laws of intestate succession, to two heirs at law who are not named therein. In his will the testator, Edmund G. Larson, directed that all of his property be sold and converted into cash. After the payment of his debts, funeral expenses and expenses of administration, the residue was to be divided into six equal parts which he gave to six named charities, one part to each. This action involves only the property given to the South Dakota Children's Home Society and the Crippled Children's Hospital and School. The plaintiffs, sisters of the testator, bring this proceeding as his sole heirs at law.

On petition of the named executor the will was admitted to probate by the County Court of Pennington County, South Dakota. After such admission the plaintiffs commenced this action for a judgment declaring that the bequests to the defendant charitable corporations are void for the reason that said beneficiaries are incapable of taking such bequests; and a further declaration that the property involved is intestate property subject to the laws of succession. The defendants separately moved to dismiss

the plaintiffs' amended complaint for failure to state a claim upon which relief could be granted. From a ruling of the trial court sustaining these motions the heirs appeal.

In the amended complaint it appears that the corporate defendants are both organized as such for benevolent and charitable purposes under the laws of this state and have been and are engaged in such pursuits. They were incorporated under what is now SDC 11.14. A corporation organized under those provisions must set forth in its articles of incorporation "The amount of property which it may hold and the disposition to be made of the same in case of its dissolution." SDC 11.1402(3). Plaintiffs' claim is bottomed on the contention that the articles of incorporation of these beneficiaries do not comply with that requirement in that they don't set forth the amount of property they may hold.

Concerning this the amended complaint alleges the following:

"That the articles of incorporation of the Crippled Childrens Hospital and School, prescribed that the amount of property that said corporation may hold is unlimited and that the articles of said corporation do not set a fixed amount of property which it may hold. * * *

"That the articles of incorporation of the defendant, South Dakota Childrens Home Society do not prescribe, as required by Section 11.1402 of the SD of 1939, a limitation of the amount of property such corporation may hold."

The heirs do not challenge the corporate existence of the beneficiaries. In fact, they allege it. Nor do they question their right to exercise powers as a corporation. They contend only that they do not have power to take these bequests. Consequently the doctrine in relation to de facto corporations embodied in SDC 11.0108 does not prohibit this action. Fletcher Cyclopedia Corporations, Per. Ed. § 3853; 18 C.J.S. Corporations § 95b.

The heirs assert that these bequests are void. They contend that the testator is without power to give because

the beneficiaries are without power to take. By the same token if the beneficiaries have power to take, the power of the testator to give is not involved. The first part of their view is based on SDC 56.0205. That section provides: "A testamentary disposition may be made to any person capable by law of taking the property so disposed of, except that no corporation can take under a will, unless expressly authorized by its charter or by statute so to take." In re Hanson's Estate, 38 S.D. 1, 159 N.W. 399. The amended complaint does not allege nor do the heirs claim that these corporations are not expressly authorized by their charters or by statute so to take.

Their position is that even if authorized to take under a will they have rendered themselves incapable of so taking by not setting forth in their articles the precise amount of property they may hold. This portion of the position of the heirs is premised on the last phrase of SDC 11.0104(4),—that, the property which a corporation may hold shall not exceed "in any case any amount limited by law; * * *". It is argued by them that the designation in the articles of the beneficiaries of the amount of property they may hold is a limitation by law. In other words, since no amounts are precisely designated in their articles they are limited by law to holding no property, and being without power to hold property they are incapable of taking property under a will.

The only limitations in this state on the amount of property that a corporation may hold are found in Art. XVII, § 7 of our Constitution, SDC 11.0104(4) and Chapter 16 of the Laws of 1955. Our constitution declares that no corporation shall take or hold "any real estate except such as may be necessary and proper for its legitimate business". SDC 11..0104(4) provides that every corporation as such has power "To purchase, hold, transfer, and convey such real and personal property as the legitimate purposes of the corporation may require, not exceeding in any case any amount limited by law; * * *". Chapter 16, Laws of 1955 concerns only cementery corporations and limits them to holding "real property not exceeding one hundred and sixty acres for the sole use and purpose of a burial

ground * * *" and "such personal property as the legitimate and necessary purposes of the corporation may require". There is also the stipulation that the limitation as to real property does not apply if the acquirement is by gift, by devise under a will, or by purchase on foreclosure of a lien held by the cementery corporation.

It is of interest to note in this connection that this jurisdiction during territorial days had a statute which specifically limited the real estate that a charitable or religious corporation or association could hold to $50,000 in value. Secs. 2901 and 3138, Compiled Laws of 1887. The only limitation by statute on the power of a testator to leave property to a charitable corporation is that it must be expressly authorized by its charter or by statute so to take. SDC 56.0205. It seems to us that these provisions fall short of indicating a mortmain influenced public policy in the matter of property holdings by charitable corporations.

■ Nor do the provisions of SDC 11.1402(3) indicate the existence of a policy to thereby legislatively limit the amount of property that such corporations may hold. In the first place it doesn't prescribe a criterion to guide or control the incorporators in setting forth the amount. Also, under the terms of that section the incorporators, if they had chosen to set forth the amount of property in specific terms of value or quantum, were free to choose any figure, subject only to the flexible limitations of Art. XVII, § 7 of the Constitution and SDC 11.0104(4). It is our view that if the legislature had intended such designation to be a limitation, essential to the public welfare, it would not have left the determination of the amount, or the manner of its designation, to the discretion of the incorporators.

To adopt the construction of SDC 11.1402(3) urged by the heirs would be to read into it a meaning which we think the legislature did not intend. As we see it, this provision was intended to be informative. Such admission might be desired for use in case the state should later find it necessary to question whether its property holdings

were more than its operations legitimately required. Also, it would be of importance to the state to know, before issuing a charter, whether the amount of property it proposes to hold bears any real relationship to the declared extent of its operations. The other requirement of that section—a statement of what is to be done with its property on dissolution, could only be informative so far as the state is concerned.

■ These legatees contend that the heirs are not proper parties to institute an inquiry into this matter. Their position is that such may be done only by the state. In this regard the logical rule seems to be that if the bequest is void, the property involved passes to the heirs and they have the right to assert their claim. However, if the bequest is only voidable the title passes to the corporation and only the state may question it. Gilbert v. Hole, 2 S.D. 164, 49 N.W. 1; Thomas v. Wilcox, 18 S.D. 625, 101 N.W. 1072; Zollman American Law and Charities, §§ 502 and 503; Simler v. Wilson, D.C. Okl., 110 F. Supp. 761; Simler v. Wilson, 10 Cir., 210 F.2d 99; Georgetown Law Journal, Case Note, Vol. 42, p. 458. Consequently the decisive determination in cases of this kind is whether the questioned bequest or devise is void or only voidable. Annotation 69 A.L.R. 1359.

■ In Gilbert v. Hole, supra, this court said concerning a deed to a corporation [2 S.D. 164, 49 N.W. 2]:

"We think it has been pretty generally held that where a corporation is authorized for some purposes or to a limited extent to take conveyance of and hold real estate, a deed of lands for other purposes, or beyond the limit allowed, is not absolutely void, but passes the title as between the parties, subject only to be inquired into in a direct proceeding by the State."

In the same opinion it further said:

"The cases in which the deed to a corporation has been held void and inoperative are those in which such corporation, either by its charter or by the law, is forbidden to acquire real estate at all,—cases in

which it has been held there was an utter want of capacity in the corporation to receive title; * * *"

While this is said of a conveyance we perceive no sound reason why it should not apply as well to a bequest. Bank of Commerce & Trust Co. v. Banks, 161 Tenn. 11, 28 S.W.2d 340, 29 S.W.2d 658, 69 A.L.R. 1353.

■ The power of these legatees to hold property flows from statute and not from their articles of incorporation. That right is given to them by SDC 11.0104(4). This is not questioned by the heirs. Their contention has been that the designation in the articles of incorporation of the amount of property they may hold is a limitation of this statutory right. As above indicated, we do not so regard it. But even if it were a limitation, our legislature has not prohibited or penalized holdings in excess thereof. In our view the failure of these legatees to set forth in their articles the precise amount of property they may hold does not make them incapable of taking these bequests. We hold that the bequests to them are not void. Consequently they may be inquired into only at the distance of the state. How much property these legatees may hold is a matter between them and the state. It seems to us a contradiction to charter a charitable corporation without power to hold property.

The heirs rely largely on the decision In re McGraw's Estate, 111 N.Y. 66, 19 N.E. 233, 2 L.R.A. 387. That case involved a statute which specifically provided that the property which a corporation could hold could not exceed the charter limitation and another statute to the effect that a devise to a corporation was not valid unless the corporation was authorized to take it. HB 722 as introduced in the 1957 Session of our Legislature provided for the repeal of SDC 11.1402(3) and a validation of articles which did not comply therewith and acts done in reliance on such articles. Only the curative provisions were enacted as Chapter 506, Laws of 1957. We have considered this action but do not regard it as significant.

Affirmed.

SMITH, P.J., and ROBERTS and HANSON, JJ., concur.

BOGUE, J., not sitting.