John McCALEB, Plaintiff-Respondent,

v.

Vesta Lee Prentice SHANTZ et al., Defendants-Respondents,
Von Gemmingen & Co., Inc., a Corporation, Defendant-Appellant.

No. 46519.

Supreme Court of Missouri,

Division No. 1.

Dec. 8, 1958.

———◆———

Austin C. Knetzger, St. Louis, for appellant.

Ernest E. Baker, St. Louis, for defendants (respondents).

COIL, Commissioner.

The will of Vesta L. Greer devised a one-seventh interest in each of two parcels, and all of another piece, of St. Louis real estate to von Gemmingen & Co., Inc., a Missouri corporation, organized under the general business corporation laws. In proceedings to quiet title and to partition, residuary devisees claimed that the devises to the corporation were void because prohibited by the Missouri Constitution and that, consequently, the real estate in question was distributable to the residuary devisees other than the corporation. It is thus apparent that the essential question here is whether the devises to the corporation were void.

The date of testatrix' will is not shown but that fact is unimportant inasmuch as the pertinent portions of the relevant provisions of both the 1875 and 1945 Missouri Constitutions are substantially the same. Article XI, Section 5, Missouri Constitution 1945, V.A.M.S., is: "No corporation shall engage in business other than that expressly authorized in its charter or by law, nor shall it hold any real estate except such as is necessary and proper for carrying on its legitimate business; provided, that any corporation may hold, for ten years and for such longer period as may be provided by general law, real estate acquired in payment of a debt, by foreclosure or otherwise, and real estate exchanged therefor." Article XII, Section 7, Missouri Constitution 1875, was: "No corporation shall engage in business, other than that expressly authorized in its charter or the law under which it may have been or hereafter may be organized, nor shall it hold any real estate for any period longer than six years, except such as may be necessary and proper for carrying on its legitimate business."

Each of the foregoing sections provides that "No corporation shall * * * hold any real estate * * * except such as is (may be) necessary and proper for carrying on its legitimate business." Thus, while under the 1875 Constitution, a corporation was authorized to hold any type of real estate for any purpose for six years, and while the 1945 Constitution does not contain that authority but limits real estate which may be held (other than necessary to carry on its business) to that acquired in payment of a debt for a minimum of 10 years or longer if provided by general law (15 years by the provisions of RSMo 1949, § 351.385(4), p. 589, V.A.M.S.), nevertheless, in so far as the authority to corporations to hold the real estate necessary and proper for carrying on their legitimate corporate business, the 1875 and 1945 constitutional provisions are essentially identical. The import of that fact will become apparent.

This court in Proctor v. Board of Trustees of Methodist Episcopal Church, South, 225 Mo. 51, 123 S.W. 862, 866, held that a devise of real estate to a corporation chartered for purely religious purposes was void inasmuch as the devises were for uses other than "church edifices, parsonages, and cemeteries," and the religious corporations in question were prohibited by the 1875 Missouri Constitution from taking or holding title to real estate for any purpose other than for use as "church edifices, parsonages and cemeteries." It was also held that a will construction suit by testatrix' heirs did not constitute a collateral attack on defend-

ant's corporate existence but was the proper method for heirs to contend that inasmuch as the corporations were *incapable* of taking and holding title to the real estate for the purposes for which it was devised, the property descended directly to the heirs.

The constitutional provision construed in the Proctor case was Article II, Section 8, Missouri Constitution 1875, p. 170, V.A.M. S., one of four sections pertaining to "religion" contained in the Bill of Rights, and provided: "That no religious corporation can be established in this State, except such as may be created under a general law for the purpose only of holding the title to such real estate as may be prescribed by law for church edifices, parsonages and cemeteries."

▮ As noted, the Proctor case held the foregoing provision prohibitory and that a devise to a religious corporation for a purpose other than named was void. Respondents contend that the constitutional provision to be construed in the instant case is equally prohibitory and that the Proctor holding is decisive of the present issues. We do not agree for the reasons herein stated.

In Title Guaranty Trust Co. v. Sessinghaus, 1930, 325 Mo. 420, 28 S.W.2d 1001, 1006 [10, 11], this court said: "The purchase of real estate by a corporation is not forbidden altogether by law; and *the provisions of section 7, art. 12 of the state Constitution and of section 9749, subd. 4, Rev. St. Mo. 1919, limiting the amount of real estate a corporation may hold to such 'as may be necessary and proper for carrying on its legitimate business,' are not regarded as an express prohibition rendering the acquisition of land invalid,* even though the transaction involve an excessive use or abuse of corporate power." (Italics present writer's.) The provision there construed was the same as that involved in the instant case and the Sessinghaus opinion was written at a time long subsequent to that of the Proctor holding. That opinion did not refer to the Proctor holding and, while the question instantly presented was not specifically ruled, nevertheless there can be no doubt that the Sessinghaus case unequivocally held that the presently pertinent provision of the 1945 Missouri Constitution (as heretofore demonstrated, the same as the provision of the 1875 Missouri Constitution considered in the Sessinghaus case) is not an "express prohibition rendering the acquisition of land invalid, * * *" and, we may add without changing the meaning, not an express prohibition making a devise of land void.

Chambers v. City of St. Louis, 29 Mo. 543, was written in 1860, long prior to the time of the Proctor case. The question was whether the City of St. Louis under its charter and the general law relating to corporations could lawfully receive by will and hold as trustee land outside its city limits. The pertinent statutory provision, RSMo 1845, Chap. 34, Art. I, § 1, Fourth (there was no provision in either the 1820 or 1865 Missouri Constitution like that involved in the present case) for construction contained this language describing corporate powers, *"to hold,* purchase and convey *such real* and personal *estate as the purposes of the corporation shall require,* not exceeding the amount limited in its charter." (Our italics.) The court pointed out at 29 Mo. 574 that there was nothing in Missouri statutes relating to wills which prohibited corporations taking by devise and, at pages 576 and 577, held that the "law is only directory in relation to corporations taking lands," and that whether certain lands acquired were necessary for corporate purposes was a matter between the city and state and "not for the courts, in a collateral way, to determine the question of misuser by declaring void conveyances made in good faith."

Now, even though the constitutional provision construed in Proctor v. Board of Trustees of Methodist Episcopal Church, South, supra, as constituting an absolute prohibition against religious corporations

taking or holding title to real estate for purposes other than those specifically mentioned, may be said to be similar to Section 5, Article XI, of our 1945 Constitution, in so far as both prohibited corporations from holding real estate except for specific purposes, it would appear that there was a sound basis for this court having held heretofore that one was prohibitory and the other regulatory, as in the Proctor and Sessinghaus cases, supra. That is because the constitutional provision dealt with in the Proctor case was one prohibiting the *establishment* of a religious corporation except for a specifically stated limited purpose, while the provision considered in the Sessinghaus and the instant cases is one, as we construe it, authorizing corporations to hold real estate for necessary and proper corporate purposes. It is true that in both cases the language of authority is stated as an exception to a prohibition, but decisively significant to us is the fact that it appears that the primary purpose in one instance was, to *prohibit religious corporations*. Article XIII, Section 5 of the 1820 Constitution prohibited the establishment of any religious corporation. Article I, Section 12 of the 1865 Constitution prohibited the establishment of religious corporations except that they might exist for the sole purpose of holding title to one acre in the cities and five acres in rural areas for use as a church, parsonage, or cemetery. It was the successor constitutional provision which was construed in the Proctor case, viz., Article XII, Section 7, 1875 Constitution. In other words, the "exceptions" dealt with in the Proctor case were engrafted upon an absolute and total prohibition. Not so, however, as to the "exceptions" to the general corporate power to acquire and hold real estate. So that, it seems to us that while each of the constitutional provisions mentioned may have been expressed as a prohibition with certain stated exceptions, yet in determining whether those provisions are equally prohibitory in so far as they would make void a devise of real estate for an exception not stated, the pro-

vision mentioned in the Sessinghaus case and for construction in the instant case is an authorization to hold real estate for certain purposes and not prohibitory in the sense that a deed or devise of real estate for any other purpose is void.

Be that as it may, however, we see no reason to depart from the principle of the Chambers and Sessinghaus cases, supra, irrespective of the holding in the Proctor case. We are of the opinion therefore that the provision of Article XI, Section 5, Missouri Constitution 1945, authorizing corporations to hold the real estate necessary and proper for carrying on the legitimate corporate business, is not expressly prohibitory in the sense that it makes void a conveyance or devise of real estate which might be unnecessary, but that such provision is regulatory only and a devise or conveyance of "unnecessary" real estate passes title thereto to the corporation. Contra, see Simler v. Wilson, 10 Cir., 210 F.2d 99, 103 [3, 4].

■ Inasmuch as we have held that the devise was not void, and inasmuch as the corporation had the capacity (i. e., was legally capable) by its charter, the constitution, and the applicable statutes, to acquire and hold title to real estate for certain purposes, it follows that the legal title to the real estate in question vested in the corporation as of the time of testatrix' death. Old v. Heibel, 352 Mo. 511, 178 S.W. 2d 351, 354 [5]. The devise (conveyance) was fully consummated as of the date of the death of the testatrix, and thereafter the questions of whether the corporation's title was voidable, whether the real estate was or was not in fact necessary for the accomplishment of the legitimate corporate business, whether the corporation's charter should be forfeited or the corporation otherwise punished for misconduct for having violated, if so, the constitution by acquiring and holding real estate not necessary and proper for the conduct of its legitimate business (see State on Inf. of Haw v. Three States Lumber Co., 274 Mo. 361, 202

S.W. 1083), whether, upon divestment of the title so acquired, the state would wish to waive the violation, if any, and perhaps other questions, are all matters determinable only in a proper action by the State of Missouri against the corporation in question. Chambers v. City of St. Louis, supra; Title Guaranty Trust Co. v. Sessinghaus, supra, 28 S.W.2d 1006 [9], and cases there cited.

■ Thus, while the residuary devisees could maintain an action for the purpose of having determined their contention that the devises in question were void and therefore that the property went to them under the will, when that matter has been determined adversely to them, they no longer have any interest in the part of the property in dispute.

We have examined many cases from other states involving like or similar questions. Most of them arise in situations where a constitutional provision or general law prohibits a corporation from holding title to real estate in excess of the amount stated in the corporation's charter. See, Annotation, 69 A.L.R. 1359; In re McGraw's Estate, 111 N.Y. 66, 19 N.E. 233, 2 L.R.A. 387; Farrington v. Putnam, 90 Me. 405, 37 A. 652, 38 L.R.A. 339. It does not appear to us that the holdings in the cases involving corporate acquisitions of real estate in excess of the quantity permitted by its charter should be persuasive on questions like the instant one, i. e., where it is averred that, or where the fact is that, the corporation has taken title to real estate for purposes not authorized by law, e. g., real estate not necessary to the conduct of its legitimate business. Some of the cases in the latter category, holding that such conveyances are not void and that whether a conveyance to a corporation is one of real estate not necessary for corporate purposes and thus unauthorized and, if so, the results flowing therefrom, are questions between the state and the corporation determinable only in a proceeding by the state, are Barnes v. Suddard 117 Ill.

237, 7 N.E. 477; Gilbert v. Hole, 2 S.D. 164, 49 N.W. 1; Hayward v. Davidson, 41 Ind. 212; Cowell v. Colorado Springs Co., 100 U.S. 55, 60, 25 L.Ed 547; and Fritts v. Palmer, 132 U.S. 282, 293, 10 S.Ct. 93, 33 L.Ed. 317.

After considering all the cited cases and others, we have the opinion that our conclusions heretofore stated are correct, and it follows that the judgment is reversed and the case remanded for the entry of a judgment in accord with the views herein expressed.

VAN OSDOL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.