Green, J.
delivered the opinion of the court.
This is a bill to rescind a contract of sale, of an acre of land.
It appears, from the pleadings and proof, that the defendants, , having their gate No. 1, near Nashville, already located, they, on the 20th May, 1843, passed a resolution to remove said gate, No. 1, about a mile west of its location at that time, and a committee was appointed *305 to contract with the complainant for land, on which to erect said gate. The committee applied to the complainant to purchase, who agreed to sell them an acre of land near his house, on which to erect said gate — for which they were to give him one hundred dollars. The complainant remarked at the time the bargain was made, that he would not sell an acre to any one else.
The Turnpike' Company erected on the land buildings, in which the gate-keeper was to live, and erected their gate, at said place. After the gate and buildings were erected, the complainant became apprehensive that the Turnpike Company intended removing their gate, and he insisted that the deed he should make for the land, should contain a condition that the gate was to be continued on said land; — and executed a deed with such condition, and placed it in the hands of one of the Directors, but the Board of Directors refused to accept it. Afterwards, the complainant executed a deed, with a like condition in a memorandum at the foot of it, and offered it to the Superintendent of the road, who was a Director, but he refused to receive it unless said memorandum were cut off, which the complainant finally consented might be done, and the deed without condition was received by the company, and regularly proved and registered ; wherfeupon, the- company paid the complainant one hundred dollars, the consideration which had been agreed to be given for the land.
No agreement was made by the committee with the complainant, that the gate should remain permanently oh the land in question, nor did they expect, at the time of its erection there, that it should remain at that place. But the complainant stated when he agreed to sell the land for the gate, that he would not have sold to any one else.
*306 In .the month of September, 1845, tbe Turnpike Company removed the said gate to the place where it had been erected previously to the said purchase, and they rented the buildings on said land to a blacksmith.
Soon after the removal, the defendant gave the corporation notice that he wished to rescind the contract, and pay them back the hundred dollars, and permit them to remove their buildings. This was refused, and the complainant brought this bill.
His Honor, the Chancellor, was of opinion, that the •corporation had no power to purchase the land of the complainant, and ordered the deed to be delivered up to be cancelled. The Turnpike Company appealed to this court.
1. It is not'now seriously contended that the decree can be supported .upon the ground assumed by the Chancellor.
It is true 'that the power of this corporation to hold real estate, is, by the charter, limited to that which was necessary to build the road, and to sites for the erection of gates; and that this power had been expended previously to the erection of this gate ; but this want of power in the corporation to contract for, and hold land, creates no equity in behalf of the vendor to rescind the contract. It is a matter of no concern to him whether the corporation exceeded its powers or not. The State from whom they receive their existence, and by whose authority they exercise their powers, may institute proceedings against them for this excess of power.
2. But it is insisted that there was fraud, in holding out to the complainant, that the land was desired for the erection of a toll-gate, which was to be permanently located there,-, when such was not the real intention of the *307 company at the time of the purchase: and that the complainant is annoyed, and injured by the substitution of the blacksmith’s shop instead of the toll-gate.
We readily comprehend the inconvenience and annoyance, the change of occupants in this house must occasion to the complainant, and we cannot but wish that relief could be afforded, without breaking down well-established principles of equity jurisprudence. But, in the first place, although it is true, the complainant, doubtless believed that the gate was to be permanently kept at the place he was selling, yet it does not appear that the defendants did, or said anything to induce that belief, except the mere fact, of proposing to buy for that particular purpose, and the knowledge of complainant, that they had no right to hold land for any other purpose.
But this opinion of the complainant, however strongly entertained, and however reasonable, from the facts, is not sufficient to entitle him to relief, in a court of Chancery. If the defendants had improperly suppressed any facts, or falsely suggested them, so as to take the confidence of the complainant, they would have been chargeable with fraud. But we do not think the proof justifies that conclusion.
If, however, the facts of the case, at the time of the purchase, were stronger for the complainant than we think to be, yet the subsequent conduct of the parties, presents the case in a light, which we are constrained to say, is conclusive against the complainant.
Before he made the deed, he was aware that the gate would, probably, be moved, and he was anxious to insert a condition, in reference thereto, in the deed. To this, the company refused to agree; and finally, the complainant made a deed without condition. Now, we think. *308 that whatever condition, express or implied, might have-.been spoken of, or understood, at the time of the contract, such condition was waived by the complainant, when after much talk and attention about it, he agreed to execute an unconditional deed. He certainly did not execute that deed under the expectation that the company was under any obligation to continue the gate on the land he was about to convey.
Their entire conduct, in reference- to the deed, forbade such conclusion. Though earnestly pressed by him, they uniformly refused to receive a deed with any condition whatever.
We, think, therefore, the complainant is entitled to no relief, and the decree of the Chancellor will be reversed, and the bill dismissed, but without costs. -