WOMAN'S SEAMAN'S FRIEND SOCIETY *vs.* BOSTON YOUNG WOMEN'S
CHRISTIAN ASSOCIATION & others.

Dukes County.    December 9, 1921. — March 2, 1922.

Present: RUGG, C. J., BRALEY, DE COURCY, CARROLL, & JENNEY, JJ.

*Devise and Legacy,* Conditional.

A testator by his will and codicils thereto gave a certain parcel of land, subject
to a life estate in one who died almost two years before him, to a charitable
corporation "for the authorized and general purposes of said corporation,"
providing, however, that the "holding of absolute" title and fee simple to
the land in the corporation was "subject to the conditions set forth in" para-
graphs which followed, which were in substance that, as by the will at the
termination of certain life estates certain funds also were given to the corpo-
ration to be used for the same purposes, the devise of the land was "condi-
tional upon the sole and exclusive use of" it, "for at least three months in
each year forever for the use and benefit at all times during said three months
of at least ten (10) women or girls who are pecuniarily unable to pay at least
in full for such benefit, and without expense to them, as resorts for rest or
recreation, or for such other charitable purposes for girls or women as said
corporations may adopt . . . and I direct that an agreement in writing, legally
binding the" corporation and its successors "to perform the conditions and
requirements aforesaid, be delivered by" the corporation "to my executors
within one year after the probate of my will, and if, first," the corporation
"shall fail to so deliver such agreement; or if, second, having delivered it, it
shall at any time after having come into possession of the devised land and
of such bequest from me, violate or fail to perform such agreement for two
successive years, then on the occurrence of either event the title of such cor-
poration to the land shall be divested;" and there were provisions for a devise
of the land to another charitable corporation upon the same conditions, and,
if it failed to perform, to still another charitable corporation without condition.
The first charitable corporation was of Boston. The testator died domiciled
in New York, where the will and codicils were proved in May, 1912. They were
filed in Suffolk County in this Commonwealth in October, 1912. The execu-
tor died in September, 1914. An administrator *de bonis non* was not appointed
in New York until May, 1915, and in this Commonwealth in July, 1917. The
first corporation had no notice of the will and codicils until February, 1915.
It delivered to the administrator *de bonis non* a document accepting the devise
in May, 1916. There was no provision in the will requiring that notice be
given to the devisee. In June, 1920, the sum of $10,000 of the funds above
described was paid to the first corporation, and, upon the termination of another
life estate, it might receive other funds. A petition was filed by the third cor-
poration in August, 1921, for registration of title to the land. *Held,* that
   (1) The testator intended to vest an estate in fee in the first corporation;

(2) The conditional provision attached to the devise was not a condition precedent: at most it was a condition subsequent;

(3) It was not the intention of the testator that title should be vested in the first corporation with the expectation that it would be divested before the corporation could learn of the gift and accept it;

(4) The question, whether it was the duty of the executor to give to the devisee notice of the devise and of the requirement as to its acceptance, was not controlling;

(5) Having ascertained the purpose and intent of the testator from the entire will and codicils, the instruments must be construed so as best to give effect to this intent and to accomplish that purpose unless prevented by some positive rule of law;

(6) The conditional provision of the devise was sufficiently complied with;

(7) The devise to the first corporation had not lapsed nor become divested.

PETITION, filed in the Land Court on August 28, 1921, for the registration of the title to a parcel of land, formerly owned by George Wales Soren, on Main Street in Tisbury north of the middle line of Horton's Lane.

In the Land Court the petition was heard by *Corbett,* J. Material facts found by him and agreed to by the parties are described in the opinion.

Subject to exceptions by the petitioner, the judge refused requests of the petitioner for the following rulings:

"1. On the evidence and the agreed facts the petitioner is entitled to a decree and order of registration.

"2. The devise to the Boston Young Women's Christian Association lapsed on May 3, 1913, because said Association had not up to that time delivered to G. W. Soren's executor an agreement in writing legally binding said Association and its successors to perform the conditions of the second clause of the second codicil.

"3. The devise to the Salvation Army, Inc., lapsed on May 3, 1914, because said devisee had not up to that time delivered to G. W. Soren's executor an agreement in writing legally binding said devisee to perform the conditions of the second clause of the second codicil."

"6. Neither the Boston Young Women's Christian Association, nor the Salvation Army, Inc., nor the Woman's Seaman's Friend Society were entitled to actual notice of the devises or the conditions annexed thereto.

"7. There was no duty imposed by law or equity upon the executor, or the administrator, or the heirs, or any other person

to give actual notice to the Boston Young Women's Christian Association, or to the Salvation Army, Inc., or to the Woman's Seaman's Friend Society, of these devises.

"8. The fact that the Boston Young Women's Christian Association and the Salvation Army, Inc., had no actual notice or knowledge of the devises and of the conditions annexed thereto until after the expiration of the times limited in the second clause of the second codicil for the performance of the conditions thereof relative to delivering an agreement in writing, is immaterial.

"9. The condition relative to the delivery of a written agreement by the Boston Young Women's Christian Association and by the Salvation Army, Inc., was a condition precedent.

"10. The delivery by the Boston Young Women's Christian Association of a written paper to the executor or administrator in May, 1916, was not a compliance with, or performance of, the condition in the second clause of the second codicil, and had no legal effect."

Of rulings asked for by the respondent, Boston Young Women's Christian Association, the judge, subject to exceptions by the petitioner, gave the following:

"1. The title to the premises is in the Boston Young Women's Christian Association in fee simple under the second article of the second codicil of the will of George Wales Soren."

"7. The Boston Young Women's Christian Association having never been in possession of the devised land and not having received the funds referred to in the second article of the second codicil of the will of George Wales Soren until June 30, 1920, there is no violation of failure to perform the agreement referred to in said article for two successive years.

"8. The conditions annexed to the devise to the Boston Young Women's Christian Association contained in Article Two of the second codicil to the will of George Wales Soren are conditions subsequent.

"9. The provisions contained in the second article of the second codicil to the will of George Wales Soren directing the Young Women's Christian Association to deliver an agreement to the Executors within one year after the probate of the will is subject to the tacit qualification that the Association receive seasonable notice of the probate of the will."

Of rulings asked for by respondents who were heirs of the testator, the judge, subject to exceptions by the petitioner, gave the following:

"1. Upon all of the evidence and agreed facts, the petitioner is not entitled to have the land registered in its name at this time.

"2. The devise to the Young Women's Christian Association is a devise in fee simple, subject to be divested by the failure to comply with a condition subsequent.

"3. The devise to the Salvation Army is a devise in fee simple, and is valid only as an executory devise."

"9. The land in question, being located in Massachusetts, makes it obligatory to construe the devises according to the law of this Commonwealth."

The petitioner further excepted to "findings and rulings to the following effect:

"1. That the testator's intent clearly was that the Boston Young Women's Christian Association should not have the funds except for the purposes as stated by the testator.

"2. That it is beyond reason to say that he (the testator) ever expected it (the Boston Young Women's Christian Association) to accept the devise and its condition unless it had knowledge of the same.

"3. That what the testator had in mind was — not that the title should be divested without ever having an opportunity to accept the conditions.

"4. That the devise in the case at bar is upon a condition subsequent.

"5. That there is any distinction, so far as notice is concerned, between an individual devisee and a charitable corporation.

"6. That there was any duty on the executor to give to the devisees notice of the devise.

"7. That it was as much the duty of the executor to see to it that this charity was established as it would have been to pay an unconditional gift of money to an individual legatee.

"8. That the testator desired that an opportunity should be given to the Boston Young Women's Christian Association to accept the gift.

"9. That the testator undoubtedly believed that all the

charitable corporations named in the will would have notice of it.

"10. That the filing of the agreement by the Boston Young Women's Christian Association was a sufficient compliance with the conditional provision of the devise in that regard.

"11. That the petition must be dismissed."

The Boston Young Women's Christian Association excepted to the refusal of the judge to give rulings requested by it, as follows:

"2. The limitations over to the Salvation Army and the Woman's Seamen's Friend Society under the second article of the second codicil of the will of George Wales Soren are void as repugnant to the gift of the fee simple to the Boston Young Women's Christian Association.

"3. The conditions attempted to be imposed on the land devised to the Boston Young Women's Christian Association under the second article of the second codicil of the will of George Wales Soren are void as repugnant to the gift to said Association in fee simple.

"4. The provision in the second article of the second codicil to the will of George Wales Soren directing the Boston Young Women's Christian Association to deliver an agreement in writing legally binding the Association to perform the conditions and requirements referred to in said article is void.

"5. The provisions of the second article of the second codicil of the will of George Wales Soren that the Boston Young Women's Christian Association shall deliver to his executors an agreement in writing legally binding the Association to perform the conditions and requirements referred to in said article within one year from the probate of his will are directory only.

"6. The Boston Young Women's Christian Association is entitled to equitable relief from the condition requiring it to deliver an agreement in writing to the executors of the will of George Wales Soren within one year after the probate of said will, all as referred to in the second codicil of said will for the reason that it had no notice of the probate of said will and had no means of knowing the same until long after the year referred to had expired and because said Association within a reasonable time after it acquired such knowledge delivered to the successor of the executor the agreement called for by said article and for

the further reason that it appears that it has always been ready and willing and is now ready and willing to carry out the valid provisions contained in said article. So long as this right to equitable relief exists the petitioner's title cannot be registered."

The Boston Young Women's Christian Association also excepted to the granting by the judge of rulings requested by the petitioner, as follows:

"5. The devises to the Salvation Army, Inc., and to the Woman's Seaman's Friend Society were valid executory devises, the first of which was liable to be defeated by said devisee's failure, neglect, or omission to perform the condition relative to delivering a written agreement."

The Association also excepted to the granting of a ruling asked for by the heirs of George Wales Soren, as follows:

"2. The devise to the Young Women's Christian Association is a devise in fee simple, subject to be divested by the failure to comply with a condition subsequent."

The petitioner and the Association filed separate bills of exceptions.

The case was submitted on briefs.

*F. D. Putnam & E. P. Brown,* for the petitioner.

*T. F. Reddy & J. D. Graham,* for the Boston Young Women's Christian Association.

DE COURCY, J. This is a petition to register the title to a parcel of land on Main Street, north of the middle line of Horton's Lane, in the town of Tisbury. The judge of the Land Court dismissed the petition without prejudice; and the case is here on exceptions to certain of his rulings and refusals to rule.

All the parties claim title under the will and codicils of George Wales Soren, late of New York City, who died November 27, 1911. Article 2 of the second codicil, which affects the title to the land in controversy, is as follows:

"Second. — Whereas, by the seventh clause of the codicil of November 25, 1902, I have given, devised and bequeathed to the Women's Educational and Industrial Union (hereinafter in this codicil designated as W.E.I.U.) and the Young Women's Christian Association (of Berkeley Street, Boston), (hereinafter in this codicil designated as Y.W.C.A.) in fee, in equal shares, all my land in Vineyard Haven, but subject to a life estate in said land

to my sister Grace Soren, and as is in said clause more fully set
forth, I do now cancel and revoke such devise and gift, and do
give, devise and bequeath to the Y.W.C.A. and its successors in
fee and for the authorized and general purposes of said corpora-
tion, all my land at Vineyard Haven, Massachusetts, lying north
of the middle line of Horton lane, together with the buildings
thereon and such of their furniture and equipment as shall
remain in them on the termination of my sister's life estate, but
subject to such life estate as more *fully* declared later in this
clause, and I give and devise to the W.E.I.U. and its successors
in fee, and for the authorized and general purposes of said corpo-
ration, all my land at Vineyard Haven lying south of the middle
line of Horton lane, but subject to an estate for her life in such
land of my sister Grace, as is more fully declared later in this
clause.  But each of the above-named gifts, devises and bequests
is hereby made subject to an estate in the respective parcels so
given and devised, for and during her life, to my sister Grace
Soren, and to all the conditions, terms and provisions relating to
the use and enjoyment of such life estate or otherwise, which are
fully set forth in said seventh clause of said codicil, beginning
with the words 'but subject to an estate in all said lands for and
during her life,' in the ninth line and continuing to the end of
the said seventh clause, all of which passage and its terms and
provisions I hereby re-declare and confirm as to, and charge upon,
each of the devises and parcels by this clause severally made and
described, it being my sole intent in this revising said seventh
clause to separate the one devise of the whole land to the above-
named corporations in equal shares, into two several devises of
separate parcels to each of the two; and without intending to
change any other of the provisions of said seventh clause.  The
holding of absolute titles and fees simple in said devised lands
by said corporations respectively is subject to the conditions set
forth in the following paragraphs, to wit:

"As I have by my will and former codicil given to the W.E.I.U.
and Y.W.C.A. certain funds on the expiration of life estates,
with the design that such funds or their income or parts of
either should be used by said corporations in connection with
the lands here devised, for such charitable purposes as are
described in this paragraph, I make the devises of land as afore-

said severally conditional upon the sole and exclusive use of such lands by said devisees respectively after they shall have come into possession thereof by the termination of the life estate, and into possession of the funds so bequeathed to them for the maintenance and equipment of buildings thereon, to be employed by them for at least three months in each year forever for the use and benefit at all times during said three months of at least ten (10) women or girls who are pecuniarily unable to pay at least in full for such benefit, and without expense to them, as resorts for rest or recreation, or for such other charitable purposes for girls or women as said corporations may adopt. The maintaining and carrying on of such resorts in such manner in each year to be at the expense of said corporation respectively, and wholly or in part out of the funds bequeathed by me to them, and as memorials, and in the name of my mother, Fanny Wales Soren, and I direct that an agreement in writing, legally binding the W.E.I.U. and the Y.W.C.A. and their successors respectively, to perform the conditions and requirements aforesaid, be delivered by each of said corporations to my executors within one year after the probate of my will, and if, *first,* either of said corporations shall fail to so deliver such agreement; or if, *second,* having delivered it, it shall at any time after having come into possession of the devised land and of such bequest from me, violate or fail to perform such agreement for two successive years, then on the occurrence of either event the title of such corporation to the land shall be divested; and if either of such events shall occur in the case of the Y.W.C.A., I thereupon give and devise the land and buildings devised to it, but subject to the same life estate therein of my sister, all as set forth in the first paragraph of this clause, to the Salvation Army, Incorporated (of 120 West Fourteenth Street, New York city), and its successors to be used by it for the same purposes and in the same manner as above set forth in this paragraph; and if either of such events shall occur in the case of the W.E.I.U., I thereupon give and devise the land devised to it, but subject to the same life estate therein of my sister as is fully set forth in the first paragraph of this clause, to the town of Tisbury, or to the town, whatever its name, which contains Vineyard Haven, to be used by it forever, and solely as a public park, and if the said Salvation Army, Incorporated,

or said town shall fail to deliver within one year after occurrence of the event entitling it to possession of the land, a written and legally binding agreement to use the land for the purpose, as above prescribed and required of them respectively, to the Woman's Seamen's Friend Society, now of Congregational House, Boston; or, if having delivered such agreement, it shall there-after violate it or fail to perform it, then on the occurrence of either event the title of said Salvation Army, Incorporated, or of said town, as the case may be, shall be divested, and I there-upon give and devise the land devised to it to the Woman's Seaman's Friend Society. The gifts and devises of land to the Y.W.C.A. and the W.E.I.U. and the Salvation Army, Incor-porated, and said town are severally made, in their creation and inception, subject to the conditions as above declared, and the titles given by and vesting under such gifts and devises are subject to being divested, for failure to perform said conditions subsequently, and all are to be so construed."

The will and codicils were duly allowed by the Surrogate's Court of New York on May 3, 1912, and J. Wales Soren was appointed executor. They were ordered to be filed by the Probate Court of our county of Suffolk on October 3, 1912. The executor died on September 28, 1914. Walter Soren was appointed administrator *de bonis non* by the surrogate of New York on May 26, 1915; and by the Suffolk Probate Court on July 12, 1917. Grace Soren, the life tenant of the parcel in question, died January 6, 1910, nearly two years before the testator. The funds referred to in said article 2, amounting to $10,000, were paid to the Young Women's Christian Association on June 30, 1920; and under the will and codicils said association may receive other funds on the death of Lucy Boone Buffington without issue.

The testator, after providing for his brothers and sisters, who were his next of kin, and making many bequests to other relatives and friends, gave substantial legacies to certain charitable organi-zations. While the codicils indicate changes of mind on his part with reference to the charities he desired to benefit, his interest in the Young Women's Christian Association of Boston appar-ently remained constant. This is emphasized by his last codicil, dated January 29, 1909, in which he revoked the gifts to the

Women's Educational and Industrial Union; to which organiza-, tion he had by said codicil devised the land adjoining the locus. It is obvious from the language of the article now under consideration, that he intended to vest an estate in fee in said association. The conditional provision attached thereto was at most a condition subsequent, and not a condition precedent, — as in *Brennan* v. *Brennan,* 185 Mass. 560, and other cases cited by the petitioner. See *First Universalist Church of North Adams* v. *Boland,* 155 Mass. 171.

The controlling question is, whether the title became divested by the failure of the association to deliver to the executor, within one year after the probate of the will, a written agreement to perform the requirements specified in said article two of the second codicil. It seems to us, as it did to the Land Court, that the primary intention of the testator was to have this parcel of land go to the Young Women's Christian Association. In addition to the reason already indicated, he must have known that the association was qualified and equipped to carry on a resort for the rest and recreation of poor girls and women; he left to this organization not only the land and the buildings, but also the furniture and equipment; and in addition he gave them certain funds (of which $10,000 has been paid), which are to be used only for maintaining and carrying on said specified charity. The will contains no express direction that notice of the gift and its conditions should be given to the association; and it was in another State than that of his domicil, where it was not likely to learn the contents of the instrument. As matter of fact it did not have actual notice of the will and codicils until on or about February 2, 1915, or almost three years after the will was allowed in New York; and at that time there was no executor, as J. Wales Soren had died in September, 1914, and his successor had not been appointed. We cannot believe that the testator intended to vest the title in the association, with the expectation that it would be divested before the association could have an opportunity to learn of the gift and to duly accept it. *Bradstreet* v. *Clark,* 21 Pick. 389. This view is confirmed by the fact that the agreement itself, even if given, could add little or nothing to the provisions of the will, which provide for forfeiture of the estate if the association, after coming into possession of the

devised land, fails to perform such agreement for two successive years. The question whether it was the duty of the executor to give the devisee notice of the devise and of the requirement of its acceptance is not controlling. See *In re Mackey* [1906] 1 Ch. 25; *Giles* v. *Boston Fatherless & Widows' Society*, 10 Allen, 355. Having ascertained the intent and purpose of the testator from the entire will and codicils, we must so construe the instrument as best to give effect to that intent and to accomplish that purpose, unless prevented by some positive rule of law. *Ware* v. *Minot*, 202 Mass. 512, 516. The devise to the Boston Young Women's Christian Association has not lapsed, nor become divested.

It was agreed by all the parties that the rule against perpetuities has no application here. Although the association did not deliver to the administrator the document accepting the devise until May 2, 1916, we concur in the conclusion of the Land Court that the conditional provision of the devise was sufficiently complied with.

What has been said disposes of the questions raised by the petitioner's exceptions. The conclusion reached renders it unnecessary to consider the exceptions of the association.

*Exceptions overruled.*