BANK OF COMMERCE & TRUST CO. *v.* SALLIE MAY BANKS, *et al.*

(*Jackson,* April Term, 1930.)

Opinion filed May 24, 1930.

Wilson, Gates & Armstrong, for complainant.

Holmes, Canale, Loch & Glankler and Andrew O. Holmes, for defendant, Home for Incurables.

Fitzhugh, Murrah & Fitzhugh and Hunter Wilson, for defendant, cross-complainant, W. H. Riley.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

Mrs. Nellie Hicks Hunter died testate on January 19, 1927, leaving an estate valued at from $250,000 to $300,000. She was survived by her husband, R. E. Hunter, and her nephew, W. H. Riley, who was her sole heir at law. The Bank of Commerce and Trust Company was named as executor and trustee, duly qualified as such, and filed the bill herein for the purpose of having the will of Mrs. Hunter construed.

After making numerous specific bequests, the testatrix provided that complainant should pay to her husband during his life, out of the income from her estate, the sum of $400 per month, and to her nephew, W. H. Riley, during his life, the income from certain stocks. The will then provides:

"As the ultimate beneficiary of said trust, after payments to the above-named beneficiaries have been provided for, or have been paid during the term or periods specified, for the continuance of such payments, I designate the following institution to which the corpus or principal of the trust estate, freed from this trust, shall be delivered, to-wit:

"Home for Incurables, of Memphis, Tennessee.

"The bequest herein made to said Home for Incurables shall be used by said corporation for the construction of an annex for cancer patients, said annex to be dedicated to the memory of my beloved brothers, Ralph Hicks, deceased, and Jeff Hicks, deceased, and my beloved sister, Mamie Hicks Riley, deceased."

No part of the estate is available for the Home for Incurables at the present time.

Defendant, W. H. Riley, filed a cross-bill in which he avers that the devise to the Home for Incurables is void for the reason that under its charter it is prohibited from executing the trust. In answer to this contention it is insisted that the State is the only party that can raise this question.

The Home for Incurables was incorporated in 1907. It is a charitable organization, with unlimited power to receive both real and personal property.

The particular purposes of the corporation are thus stated in its charter:

"By voluntary contributions and gifts to establish, provide and maintain within this state, a comfortable and permanent home, for white citizens, of sound mind, afflicted with an incurable physical disability or disease, not malignant, contagious or communicable, and provide such inmates with proper medical treatment and attendance."

The following provision is also contained in its charter, to-wit:

"The means, assets or other property of this corporation shall not be employed, either directly or indirectly for any other purpose whatever than to accomplish the legitimate objects of its creation."

Cancer is a malignant disease.

Shortly after the death of Mrs. Hunter the charter of this corporation was so amended as to permit it to execute such a trust.

Mrs. Hunter had been a friend to this institution, had labored for it, and was in sympathy with the splendid work which it was doing. She had been a sufferer from cancer, died with it, and purposed to provide a place where the unfortunate, suffering with this malady, could be treated and cared for.

 Trusts for charitable uses are favored by courts of equity in this State. *Dickson* v. *Montgomery*, 34 Tenn., 305.; *Heiskell* v. *Chickasaw Lodge*, 87 Tenn., 670; *Johnson* v. *Johnson*, 92 Tenn., 559.

We have been referred to no authorities holding charitable bequests to legal corporations, in trust, void where they were definite in their objects and not prohibited by statute. Here the object was definite, and the bequest was to a legal corporation that was expressly empowered to receive property.

 In *Ewell* v. *Sneed*, 136 Tenn., 602, this court reaffirmed the rule announced in *Green* v. *Allen*, 24 Tenn., 170, and subsequent decisions, to the effect that charitable bequests of the character here involved are invalid unless supported by trustees. In that case no trustees were named and no incorporated body or individual, that is no legal entity, was empowered to select trustees to administer the charity.

*In re Estate of McGraw*, 111 N. Y., 66, cited by counsel for cross-complainant, it was held that a devise to a corporation was void. The decision in that case was based upon a statute which expressly prohibited such a devise.

 Mr. Pritchard, in his estimable work on the Law of Wills (Sizer Ed.), section 153, states that in Tennessee a testator may devise his property to either a domestic or a foreign corporation, and in a note to the text very aptly says:

"Corporations are usually limited as to the amount or value of real estate which they may hold; but even where the corporation is already holding as much land as it is authorized to hold, its right to land devised to it can be questioned by the state only, unless, as in New York there is some statute declaring the devise itself void. *The Banks* v. *Poitiaux*, 15 Am. Dec., 706; S. C., 3 Rand. (Va.),

136; *Mallet* v. *Simpson,* 55 Am. Rep., 594; S. C., 94 N. C., 37; *Blount* v. *Walker,* 78 Am. Dec., 709; S. C., 11 Wis., 334; *Leazure* v. *Hillegas,* 7 Serg. & R. (Pa.), 313; *Bayard* v. *Bank of Washington,* 11 Id., 411; *Decamp* v. *Dobbins,* 29 N. J. Eq., 36; *Hough* v. *Cook Co. L. Co.,* 73 Ill., 23; *Barrow* v. *Turnpike Co.,* 9 Hump., 304. In *Heiskell* v. *Chickasaw Lodge,* 87 Tenn., 668, it is said that there is a distinction between the case where a corporation is actually holding property in excess of the limitation of its charter, and the case where a devise is made to it, and the property devised has not yet come to its possession; and it is said that, in the first case, no one but the state can raise the question or enforce the forfeiture, but that in the second case, the heirs or residuary legatees may raise the question, because the gift would be void, and the property would go the same as if it had not been made. DICKINSON, Sp. J., cites *Matter of McGraw,* 19 N. E. Rep., 233 (S. C., 111 N. Y., 66, cited *supra*), to sustain this distinction. He seems to have overlooked the fact that the statute of wills in New York expressly declares such devises void. There can be no objection to the heirs making the question where the testamentary power is thus expressly limited by statute. In the absence of such a statute, the devise is not void, as fully shown by the authorities cited above, and the heirs could no more attack it before the corporation went into the possession of the realty devised, than afterwards." (Citing authorities.)

In 14A Corpus Juris, 559, it is said:

"The general rule is that the state alone can question as *ultra vires* the acquiring and holding of real property by a corporation, and that a conveyance to a corporation incompetent to take title is not void, but only voidable, at the suit of the sovereign alone."

From the cases listed in the note it will be observed that this rule has the approval of the Federal courts as well as most of the State courts, including this court.

Upon principle, as well as upon authority, there is no valid distinction to be drawn where the gift is by devise rather than by deed. In passing upon this question the Supreme Court of Maine, in the case of *Farrington* v. *Putnam*, 38 L. R. A., 344, speaking through Chief Justice PETERS, said:

"It will be noticed that most of the authorities on which the complainants rely concede that the rule which we would apply to devises is at all events applicable to gifts by deed, the argument being that in such a case as this a deed would be valid and a devise void. It seems inconsistent that such potential consequences should attach to the mere form of transmitting the property. We do not appreciate the justice of saying that a deed of property delivered by a donor on the day of his death to a corporation would be good, and a devise of the same property made on the same day would be bad. But the argument by the complainants is that in the one case the transaction is executed and in the other case that it cannot be considered as executed without a resort to the forms and assistance of the courts. We think the whole thing involves a distinction without a difference, a formal, but not substantial, distinction. Each mode of the transfer needs the protection and aid of the law to render it operative."

In 7 Ruling Case Law, 554, it is said:

"The decisions upon the right of the heirs of a testator to attack a devise to a corporation on account of its incapacity to take and hold real estate are conflicting. The better rule seems to be that the question of the legal capacity of a corporation to take a devise of realty in

excess of the amount prescribed by its charter or by reason of its incapacity to take and hold real estate, no restriction on the power to devise being involved, cannot be raised collaterally by private persons, such as the testator's heirs."

The rule thus announced has the sanction of this court. The Court of Chancery Appeals, in *Cheatham* v. *Nashville Trust Company*, 57 S. W., 204 (affirmed orally by this court), refused to follow *In re Estate of McGraw, supra,* and said:

"In the absence of a statute fixing the limit to which charitable corporations can take and hold real estate and expressly or impliedly forbidding them to take and hold beyond this limit, the heirs of the grantor of real estate to them will not be heard to question the grant. In such case the state is the only party that can complain."

In *Heiskell* v. *Chickasaw Lodge; supra,* it was said:

"But it is said that the lodge, even if incorporated, cannot, under its constating instrument, hold more than ten thousand dollars' worth of property, and that it already holds more than that amount.

"In the construction we have given to the devise it is not to the lodge for its own use, but in trust, and therefore the limitation does not necessarily apply in this case. But if it did, we do not think that this question can be raised by the parties litigant. (heirs) . . . This is a bequest for a definite charity, made to a devisee entrusted with its administration. The devise is not void, because it is for a definite charity. It is valid, and the heirs and next of kin have no interest in it, and cannot question the capacity of the trustee named."

In *Gibson* v. *Frye Institute,* 137 Tenn., 452, the bequest was to three individuals who were empowered to form a corporation to administer the trust which they

did. The authority of the corporation to administer the trust was raised. In answer to this contention the court ·said:

"The bequest of Mr. Frye was to trustees named. The provision that these trustees should organize a corporation and turn the property over to it amounted to no more than the usual provision which gives to trustees the right to nominate their own successors.

"Complainants are not entitled to question the authority of the corporation chartered, as Frye Institute to administer this trust. Such question can only be raised in a suit by the attorney-general. *Heiskell* v. *Chickasaw Lodge,* 87 Tenn., 668, 11 S. W., 825, 4 L. R. A., 699."

In that case.the corporation to administer the trust was to be created. In the instant cause the corporation was already in existence. It was expressly held in the Frye case that the heirs could not question the authority of the corporate trustee to execute the trust which is decisive of the question under consideration.

The following statement from the opinion in *Farrington* v. *Putnam, supra,* is pertinent:

"We feel very much impressed with the theory, stated in many of the cases, that a charter is a contract between the state and the corporation; and that for any misuse or abuse of its privileges or powers the corporation is amenable to the state only, no individual having anything to do with the question. As applicable to the present case, the principle is that, if the infirmary, by accepting these bequests and devises, increases its property ever so much in excess of the amount in value which the statute allows it to possess, it would be a transgression of the law which the state can prosecute or not as it pleases, and the heirs of the testator have no interest therein. As long as the state does not interfere for the violation, it

waives it and permits the infirmary to retain the property.''

The charity which Mrs. Hunter attempted to establish is a most worthy and beneficent one. The Home for Incurables had for some years been engaged in caring for the sick and disabled, and it was Mrs. Hunter's wish that it enlarge its activities by erecting and maintaining a cancer hospital, for which she supplied the funds. If the State interposes no objection to the undertaking, we are unable to conceive any ground, either legal or moral, upon which the heir can question the authority of the corporation to act.

The Court of Appeals held the residuary devise valid but upon other grounds.

With respect to other questions involved, we concur with the Court of Appeals in their conclusions.

It results that both petitions for writs of *certiorari* will be denied.

### On Petition To Rehear.

The questions presented were carefully examined on the original consideration of the cause. The chief contention of the petitioner is that the devise to the corporation is void because its charter did not empower it to erect a hospital and treat charity patients suffering with cancer. In other words, that such a use is *ultra vires* the corporation and therefore void.

In our original opinion we undertook to show that, by the weight of authority, as well as by the previous decisions of this court, such a devise is not void but voidable. In all events, after full consideration, we adopted that as the better and more equitable rule. It seems to be conceded that if the devise was only voidable, the State alone can complain. We cited authorities to the

effect that where a corporation is prohibited from receiving property a devise to it is only voidable. The power to use involves the same principle. In the one case it is prohibited from receiving, in the other from using; both are *ultra vires* the corporation, and, in either case, the abuse of authority can only be questioned by the State. We further held that such a devise is void only where it is expressly so declared by statute.

Counsel undertakes to differentiate this cause from that of *Barrow* v. *Nashville and Charlotte T. C.,* 28 Tenn., 306, upon the ground that the corporation had taken possession of the property in the latter case. The court made no such distinction, but said: "but this want of power in the corporation to contract for, and hold land, creates no equity in behalf of the vendor to rescind the contract. It is a matter of no concern to him whether the corporation exceeded its powers or not. The State from whom they receive their existence, and by whose authority they exercise their powers, may institute proceedings against them for this excess of power." In our original opinion we also cited authorities to the effect that in the absence of a statute declaring such a devise void the heir cannot attack it either before or after the corporation goes into possession thereof.

Since the Home for Incurables is a legal corporation, if the testatrix had directed that immediately upon her death her executor pay to it $250,000, to be used in erecting and maintaining a cancer hospital for white charity patients, its power to so use the fund could only be questioned by the State. The fact that the time for receiving the bequest was postponed for a period would not affect the rule.

We are further of the opinion that this bequest was to the Home for Incurables, in trust. *Heiskell* v. *Chicka*

*saw Lodge,* 87 Tenn., 685; *Gibson* v. *Frye Institute,* 137 Tenn., 452.

Mrs. Hunter stated definitely the use to which her residuary estate should be applied, and designated a legal corporation to administer the fund. If the State interposes no objection to the execution of this trust by the designated corporation, then the heir should not be permitted to do so.

The petition to rehear will be denied.