JOSEPH F. HENNESSEY & others *vs.* FRANK D. NELEN & others.

Hampden.   December 9, 1937. — March 1, 1938.

Present: RUGG, C.J., FIELD, LUMMUS, QUA, & COX, JJ.

*Corporation*, Purchase by corporation of its own stock.

A purchase by a corporation of its own stock, made by the treasurer under the authority of the directors and subsequently fully ratified by all the stockholders, could not be deemed a fraud upon the corporation nor be rescinded in a suit in equity by some of the stockholders.

BILL IN EQUITY, filed in the Superior Court on July 22, 1935.

One of the prayers in the bill was that the purchase of stock from Murphy, Starr, and the Noctors, described in the opinion, be declared fraudulent and that the consideration given for the stock be returned to the corporation.

A master's report was confirmed, and the bill dismissed, by decrees entered by order of *Burns*, J.  The plaintiffs appealed.

*J. F. Hennessey*, for the plaintiffs.

*J. E. Kerigan*, for Wm. Kavanagh Furniture Co.

*L. J. Gordon*, for the defendant Frank D. Nelen.

*T. V. Moriarty*, for the defendants William E. Murphy and others.

LUMMUS, J.  William Kavanagh, a successful furniture dealer in Springfield, caused his business to be incorporated under the name of Wm. Kavanagh Furniture Co. on or about August 1, 1928, and died May 7, 1930.  By his will he gave to the company fifty-four shares of its stock; to various parties to this case, employees of the company, amounts aggregating nine hundred twenty-six

shares; and then gave his remaining one thousand one shares out of a total capitalization of two thousand shares to Union Trust Company of Springfield as trustee to hold for ten years, and at the end of that time to distribute the shares in substantially equal parts to Frank D. Nelen, William E. Murphy and Lucy A. Starr, provided at the time of distribution they should be living and not separated from their employment with the company by their own act or for cause; and otherwise to distribute the shares instead to Loretta K. Mahoney Noctor, John J. Vaughan and Thomas J. Williams, subject to the same conditions; and if the foregoing persons shall not meet the conditions, then to distribute the shares "to those persons who shall be stockholders of record in said corporation at such time and in the employ of said corporation, in proportion to their respective holdings of such stock." In *Union Trust Co. of Springfield* v. *Nelen*, 283 Mass. 144, decided May 24, 1933, these trust provisions were held valid. After the settlement of the estate, the two thousand shares of the company were held as shown in a footnote.*

Friction arose among the leading stockholders and employees of the company. The defendants Nelen and Cavanagh planned to get rid of the trust and to obtain the

| *Name. | | | | | Alignment in this suit. | | | | Number of shares. |
|---|---|---|---|---|---|---|---|---|---|
| Raymond Tatro | . | . | . | . | | . | . | . | 1 |
| John J. Vaughan | . | . | . | . | Plaintiff | . | . | . | 55 |
| Charles R. Burgess | . | . | . | . | Plaintiff | . | . | . | 55 |
| Frank C. Pernice | . | . | . | . | Plaintiff | . | . | . | 55 |
| Thomas J. Williams | . | . | . | . | Plaintiff | . | . | . | 55 |
| Thomas J. Walker | . | . | . | . | Plaintiff | . | . | . | 55 |
| Thomas F. Leahy | . | . | . | . | Plaintiff | . | . | . | 55 |
| Frank D. Nelen | . | . | . | . | Defendant | . | . | . | 280 |
| Anna B. Cavanagh | . | . | . | . | Defendant | . | . | . | 56 |
| William E. Murphy | . | . | . | . | Defendant | . | . | . | 112 |
| Lucy A. Starr | . | . | . | . | Defendant | . | . | . | 55 |
| William P. Noctor | . | . | . | . | Defendant | . | . | . | 55 |
| Loretta K. Mahoney Noctor, who died before June 5, 1934 | . | . | . | . | William P. Noctor, Admr. Defendant . | | . | . | 55 |
| Mary C. McCowley | . | . | . | . | . | . | . | . | 1 |
| Wm. Kavanagh Furniture Co. | . | | . | . | Defendant | . | . | . | 54 |
| Union Trust Co. of Springfield, Trustee under will of William Kavanagh | . | . | . | . | . | . | . | . | 1,001 |
| | | | | | | | | | 2,000 |

practical control of the company. To this end, technical interruptions of employment by the six persons named in the first two groups of distributees in the will were arranged, with their consent. Upon a petition by the trustee, the Probate Court for Hampden County entered a decree on November 23, 1933, after notice to all stockholders and without objection, declaring that those six persons had lost their rights in the trust, and ordering the trustee to distribute the one thousand one shares held by it to the stockholders of record still in the employ of the company. The distributees and the number of shares are shown in a footnote.* As a part of the transaction, the company purchased the shares of the defendants Murphy, Starr, William P. Noctor and Loretta K. Mahoney Noctor, including whatever any of them might receive in the distribution of the shares held in trust. This purchase resulted in the transfer to the company of two hundred seventy-seven shares originally held by them and the one hundred sixty-six shares distributed to William P. Noctor from the trust. All the other distributees of trust shares caused the shares distributed to them to be transferred to the company, except that with the consent of all the plaintiffs except Hennessey they caused eighty of them to be transferred to Thomas J. Williams, eighty to John J. Vaughan, and one hundred seventy-four to Frank D. Nelen. The company bought the single share owned by Mary C. McCowley. The single share originally held by Raymond Tatro was transferred by him on April 30, 1935, to the plaintiff Joseph F. Hennessey, the purchase price of $10 being paid by the plaintiff Vaughan. We infer that the plaintiff Hennessey holds merely in trust

| *Name. | | | | Number of shares already held. | | | | Number of shares received under decree. |
|---|---|---|---|---|---|---|---|---|
| Anna B. Cavanagh | . | . | . | 56 | . | . | . | 170 |
| William P. Noctor | . | . | . | 55 | . | . | . | 166 |
| Frank C. Pernice . | . | . | . | 55 | . | . | . | 165 |
| Charles R. Burgess | . | . | . | 55 | . | . | . | 166 |
| Thomas J. Walker | . | . | . | 55 | . | . | . | 166 |
| Thomas F. Leahy | . | . | . | 55 | . | . | . | 165. |
| Raymond Tatro . | . | . | . | 1 | . | . | . | 3 |
| | | | | 332 | | | | 1,001 |

for the plaintiff Vaughan.  Hennessey became a stockholder after the transactions under attack had taken place.

After these transactions, the company had nine hundred ninety-nine shares in its treasury, the plaintiff Hennessey held one share, the plaintiff Vaughan one hundred thirty-five shares, the plaintiff Burgess fifty-five shares, the plaintiff Pernice fifty-five shares, the plaintiff Williams one hundred thirty-five shares, the plaintiff Walker fifty-five shares, the plaintiff Leahy fifty-five shares, the defendant Nelen four hundred fifty-four shares, and the defendant Cavanagh fifty-six shares; a total of two thousand shares.  The defendants Nelen and Cavanagh together have held and still hold a controlling interest.

The amended bill alleges that the consent, which the master finds was given to the transactions under attack by all the stockholders, including all the plaintiffs except Hennessey, was procured by false and fraudulent representations.  It is enough to say that the master does not find this allegation supported by the evidence.  The bill attacks the purchase of the stock of the defendants Murphy, Starr, William P. Noctor and Loretta K. Mahoney Noctor as a fraud upon the company.  The master finds no fraud. Moreover, on December 8, 1933, all the stockholders, including all the plaintiffs except Hennessey, voted to ratify and confirm all the official acts of the officers for the preceding year and up to the date of the vote.  This ratified the purchase which Nelen made for the company as treasurer, under the authority and direction of the directors. At the same meeting of the stockholders, the payment of the consideration for the purchase was specifically ordered by unanimous vote.  Furthermore, the defendants Murphy, Starr, William P. Noctor and Loretta K. Mahoney Noctor were given an agreement under seal, signed by all the other stockholders, including all the plaintiffs except Hennessey, by which the purchase was approved and the payment of the consideration by the company was guaranteed by the individual signers.  These acts make it immaterial whether the treasurer and the directors had authority to contract for the purchase of the stock or not.  "Where, as here, all

the stockholders and officers, with full knowledge of the facts, assented to the transaction, the corporation cannot complain that it was fraudulent." *Dome Realty Co.* v. *Gould*, 285 Mass. 294, 299. See also *Underwood* v. *Lennox*, 242 Mass. 357, 362; *Friend Lumber Co. Inc.* v. *Armstrong Building Finish Co.* 276 Mass. 361, 368, 369; *Rogers* v. *Guaranty Trust Co. of New York*, 60 Fed. (2d) 114, 118; *Kidd* v. *New York Security & Trust Co.* 75 N. H. 154, 156. The case differs from *Beaudette* v. *Graham*, 267 Mass. 7, in which one stockholder was held incapable of discharging by release a liability for a wrong to the corporation. Compare *Johnson* v. *King-Richardson Co.* 36 Fed. (2d) 675.

The master finds that Nelen was incompetent as treasurer and manager, but finds that the business did not suffer because of his incompetence, and that the company is not insolvent. The refusal of the master to allow the plaintiff Burgess to contradict the record of the meeting of the directors on November 6, 1933, by testifying that he was not in fact present, seems to us of no importance, in view of the consent of all the stockholders, including all the plaintiffs except Hennessey, to the whole transaction in question. The judge was right in confirming the master's report and in dismissing the bill.

*Interlocutory decree affirmed.*
*Final decree affirmed with costs.*