# DECISIONS

OF THE

# SUPREME JUDICIAL COURT

OF

# MASSACHUSETTS

OLD COLONY TRUST COMPANY, executor, *vs.* O. M. FISHER
HOME, INCORPORATED, & others.

Suffolk. November 12, 1937. — June 29, 1938.

Present: FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Corporation*, What constitutes corporate action, Charitable corporation.
*Devise and Legacy*, Conditional. *Charity*.

A legacy to a charitable corporation of the State of Vermont on condi-
tion that it "accept or vote to accept" it within a certain time, could
be found to have been sufficiently accepted by a vote within that
time of a majority of its members who also were trustees and by
ratification thereof in an answer filed on behalf of the corporation in
proceedings for instructions in a probate court in this Commonwealth,
regardless of technical questions whether, by the laws of Vermont,
the power so to accept was in the members of the corporation or in
the board of trustees and whether the majority acted at a properly
called meeting: an expression of willingness on the part of the cor-
poration to receive the legacy was enough.
A corporation established for charitable purposes and as a memorial for
a designated person could accept a later gift for the erection of a
building to be used for its charitable purposes but to be designated as
a memorial for another person.
A charitable corporation could be found entitled to receive a legacy for
the erection of a building to be used for its purposes though at the
time of acceptance it did not have funds sufficient for the equipment,
maintenance and operation of such a building, if no time within which
the building must be constructed was stated in the will.

PETITION, filed in the Probate Court for the county of Suffolk on July 1, 1936, by the executor of the will of Clara E. Gary, late of Boston, for instructions respecting a certain legacy.

There was a hearing by *Dolan*, J., and a final decree that the legacy was payable to O. M. Fisher Home, Incorporated. The University of Vermont, alternative legatee, appealed.

*V. V. R. Booth,* stated the case.

*E. C. Mower, Jr.,* for University of Vermont.

*A. M. Lyon, (G. L. Hunt* of Vermont, with him,) for O. M. Fisher Home, Incorporated.

LUMMUS, J.  On January 10, 1919, a charitable corporation was formed in Vermont under the laws of that State, called O. M. Fisher Home, Incorporated, "for the purpose of perpetuating the name and memory of Oscar Merrill Fisher, late of Montpelier in the County of Washington and State of Vermont, and to maintain a home for the aged and to provide rooms, board, care, medical attendance and necessaries for the comfort and relief of such persons as may be admitted to said O. M. Fisher Home, Incorporated and with preference given to women whenever in the judgment of the trustees of said O. M. Fisher Home, Incorporated the facilities and accommodations may not be sufficient for both sexes."  By its articles of association, it "may take by gift, grant or devise and hold or dispose of by deed or otherwise real estate and personal property and have generally all the powers incident to corporations."  On the same day Sophia C. Fisher, widow of Oscar Merrill Fisher, of said Montpelier, executed a will containing this provision: "For the purpose of perpetuating the name and memory of Oscar Merrill Fisher, my late husband, I give, devise and bequeath all the remainder of my estate, both real and personal and of whatever kind and name and wherever situate, to the O. M. Fisher Home, Incorporated, a corporation organized under and by virtue of the laws of the State of Vermont and having its principal office at Montpelier aforesaid and to its successors forever.  This devise and bequest is for the purpose of

carrying out the objects specified in the Articles of Association of the said O. M. Fisher Home, Incorporated." The will of Sophia C. Fisher was proved in 1923, in Vermont. The residuary estate amounted to about $18,500.

O. M. Fisher Home, Incorporated, operates a home for aged persons in Montpelier, Vermont. The real estate occupied by it is owned by another charitable corporation called Montpelier Home for the Aged, Incorporated, which had no funds for equipment or maintenance, and therefore leased the real estate without rental to O. M. Fisher Home, Incorporated, which had such funds. There are now six or seven inmates of the institution, and all of them have contributed to the funds of the latter corporation, in the aggregate to the amount of $14,000. Earlier inmates contributed about $50,000, which is in the treasury of that corporation. That fact does not deprive the corporation of its charitable character. *Brattleboro Retreat* v. *Brattleboro*, 106 Vt. 228, 237. The annual income of that corporation is about $3,000, in addition to gifts from Montpelier Home for the Aged, Incorporated, which amount to about $800 a year. With more money, more inmates could be cared for.

The present petition is brought by the executor of the will of Clara Emerette Gary, late of Boston in this Commonwealth, for instructions. By her will, executed in 1933, she gave the residue of her estate to O. M. Fisher Home, Incorporated, upon conditions stated in articles eight, nine, ten and eleven of the will, for the erection of a memorial building to be known as Gary Home for the Aged, and to be so marked over the front door. She provided that the following inscription be placed in the building: "Clara Emerette Gary, M.D., Sc.D. requested the erection of this building in loving memory of her parents . . . [naming them] and her sister and brothers . . . [naming them]." She provided that if O. M. Fisher Home, Incorporated, should not within three months after her death accept, or vote to accept, the gift, the gift should pass to the University of Vermont. If that institution should not accept

the gift, then she wished it to pass to the American Baptist Home Mission Society. The exact language of these articles is shown in a footnote.*

Confronted with the necessity of accepting the gift within three months from the death of Clara Emerette Gary on February 15, 1936, O. M. Fisher Home, Incorporated, found itself in doubt as to whether there were any members of the corporation, for all the original incorporators had died,

---

*\* Article Eight.* All the rest, residue and remainder of my estate, both real and personal, of which I die seised or possessed, to which I am in any way entitled at the time of my death, or over which I then have any power of appointment by will, (hereinafter called "my residuary estate") I give, devise and bequeath to O. M. Fisher Home Incorporated, in Montpelier, Vermont, for the erection of a memorial building to be known as "Gary Home for the Aged." This gift is made upon the following conditions: — (1) That the inscription "Gary Home for the Aged" be placed over the front door of the building. (2) That, if she so desires, said Harriot L. Robinson be admitted as an inmate of said O. M. Fisher Home Incorporated, upon her payment of $1000 to it, and that she be allowed to select her room in said memorial building. (3) That the following inscription be placed in the entrance hall or other suitable place in said memorial building: — Clara Emerette Gary, M.D., Sc.D. requested the erection of this building in loving memory of her parents, Ephraim Gary, Jr. and Sarah A. (Robinson) Gary, and her sister and brothers, Delora Gary, Harrison Gary, William Henry Gary, Charlie Herbert Gary and Frank Ephraim Herbert Gary, LL.B.

*Article Nine.* If the O. M. Fisher Home Incorporated does not within three (3) months after my death accept, or vote to accept, upon the terms and conditions in this will stated, the gift made to it by *Article Eight* hereof, I give, devise and bequeath my residuary estate to the University of Vermont, now located in Burlington, Vermont, *on condition, however,* that said University pay to said Harriot L. Robinson one thousand dollars ($1,000) per year in semi-annual installments during her life, the first payment to be made upon said University's receiving said property. The property so received by said University shall constitute a fund to be known as the "Gary Memorial Fund" in memory of Ephraim Gary, Jr. and Sarah Ann Robinson Gary, late of said Montpelier, and their children, Delora Gary, Harrison Gary, William Henry Gary, Clara Emerett Gary, M.D., Sc.D., Charlie Herbert Gary and Frank Ephraim Herbert Gary, LL.B. Said fund shall be held by said University as a separate fund, the income of which shall be used for the general purposes of said University.

*Article Ten.* If neither the O. M. Fisher Home Incorporated nor the University of Vermont accepts upon the terms and conditions in this will stated the gifts made to them respectively by *Article Eight* and *Article Nine* hereof, and said Harriot L. Robinson is living at the time of my death, I give, devise and bequeath my residuary estate to Old Colony Trust Company, a Massachusetts corporation having its principal place of business in Boston, Massachusetts, *in trust,* for the following purposes: — My Trustee shall pay over from the income and/or the principal of the trust property to said Harriot L. Robinson the sum of one thousand dollars ($1,000) a year so long as said Harriot L. Robinson shall live, and upon her death shall pay over the then remaining trust property to the American Baptist Home Mission Society.

*Article Eleven.* If neither the O. M. Fisher Home Incorporated nor the University of Vermont accepts upon the terms and conditions in this will stated the gifts made to them respectively by *Article Eight* and *Article Nine* hereof, and said Harriot L. Robinson is not living at the time of my death I give, devise and bequeath my residuary estate to said American Baptist Home Mission Society.

and the articles of association and by-laws provided no means of electing others. But as the original incorporators who by the articles of association constituted the "first board of trustees," had severally died, other persons had been elected as trustees in their stead. On March 27, 1936, there were six trustees, two of whom because of illness or absence were unable to take action. The other four on that day petitioned a superior judge in Vermont to appoint the six trustees as members of the corporation. This the judge did on March 27, 1936, and all six accepted the appointment on March 30, 1936. This was in accord with Vermont Pub. Laws (1933) Title 26, c. 239, § 5884. All six members agreed in writing to hold a meeting of the corporation at a certain hour and place on April 20, 1936, for the adoption of by-laws and other specified purposes. Notice to all six members, sent by one of them on April 7, 1936, declared that the following additional business would be presented to the meeting of April 20, 1936: "(1) To see if the Corporation will accept the gift made to it by the last will and testament of Clara E. Gary, late of Boston, Massachusetts, upon the terms and conditions stated in said will. (2) To take such further action with respect to said gift and the subject-matter thereof as may be deemed advisable." At the meeting on April 20, 1936, four out of the six members were present, and they adopted a resolution which, after reciting the nature of the gift under the Gary will, declared as follows: "Therefore, be it resolved by said Corporation, that the gift so made to it, as in the premises stated, be, and the same hereby is accepted, upon the terms and conditions in said will stated. Be it further resolved, that notice of this acceptance of said gift be given forthwith by delivering to the Old Colony Trust Company, Boston, Massachusetts, by said will appointed the executor thereof, an attested copy of this resolution, and by filing in the Probate Court, for the County of Suffolk, in the Commonwealth of Massachusetts, a like attested copy of this resolution." Notice was given accordingly, and was received by the Probate Court, filed, and docketed on April 22, 1936.

The University of Vermont contends that it is entitled to the residuary estate, amounting to about $140,000, because (1) the acceptance should have been by the trustees of O. M. Fisher Home, Incorporated, and not by the members; (2) the members, even if empowered to act, did not act at a lawfully called meeting; (3) the provisions attached to the gift were such as the O. M. Fisher Home, Incorporated, could not carry out without violation of its own articles of association; and (4) the O. M. Fisher Home, Incorporated, is not in a position to carry out the purposes of the gift, and no acceptance by it should be given effect.

Contentions (1) and (2) may be treated together. The University of Vermont argues that by the law of Vermont the board of trustees of O. M. Fisher Home, Incorporated, had the exclusive power to manage its affairs (Vermont Pub. Laws [1933] Title 26, c. 239, § 5807), and that this power was confirmed by the by-laws adopted at the meeting of April 20, 1936, prior to the vote purporting to accept the gift. Substantially the only powers of the members, it is contended, are to amend the articles of association and by-laws, to elect trustees, and to fix their compensation. See *Burrill* v. *Nahant Bank*, 2 Met. 163; *Enos* v. *Church of St. John the Baptist*, 187 Mass. 40, 44; *Charlestown Boot & Shoe Co.* v. *Dunsmore*, 60 N. H. 85; *McCullough* v. *Moss*, 5 Denio, 567, 575; *Manson* v. *Curtis*, 223 N. Y. 313, 323. *Whitfield* v. *Kern*, 120 N. J. Eq. 115, 133, 134. There was no formal action by the board of trustees.

The University of Vermont contends, further, that even if the members had any power, the agreement under which the meeting was held did not include the acceptance of the gift as one of the purposes of the meeting; the additional call by one member that did include it was unauthorized, there being no by-law on the subject at the time; and the two members who were absent from the meeting did not, so far as appears, consent in advance or contemporaneously to such action at the meeting. Under these circumstances, it contends, the action of a majority at the meeting was invalid. *Wiggin* v. *Freewill Baptist Church*, 8 Met. 301. *Sabourin* v.

*Lippe,* 195 Mass. 470, 478, 479. *Syrian Antiochean St. George Orthodox Church* v. *Ghize,* 258 Mass. 74, 79, 80. *People's Bank* v. *St. Anthony's Roman Catholic Church,* 109 N. Y. 512, 522. *Peirce* v. *Morse-Oliver Building Co.* 94 Maine, 406. *Ames* v. *Goldfield Merger Mines Co.* 227 Fed. 292, 301, 302. *Holcombe* v. *Trenton White City Co.* 10 Buch. 122, 134, affirmed, 12 Buch. 364. See also *Carbone, Inc.* v. *Kelly,* 289 Mass. 602, 605. Although in Vermont the informal action of a majority of a corporate board, without notice, meeting or vote, appears to be valid (*Buckley* v. *Jennings,* 95 Vt. 205, 209), it is pointed out that in the present case the majority, though a majority of both the members and the trustees, purported to act only as members and not as trustees. *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow,* 203 Mass. 159, 196, 197. *Cammeyer* v. *United German Lutheran Churches,* 2 Sandf. (Ch.) 186, 229. *Landers* v. *Frank Street Methodist Episcopal Church,* 114 N. Y. 626. *In re Lincoln Bakery, Inc.* 18 Fed. Sup. 998. As members, it is argued, they had no power.

We think, however, that these highly technical legal questions are beside the point. The will requires O. M. Fisher Home, Incorporated, to "accept, or vote to accept," the gift within three months after the death of the testatrix on February 15, 1936. Those words do not, as has been argued, require in the alternative actual receipt of the fund or formal and legally binding vote. See *Bramley* v. *White,* 281 Mass. 343, 349. They require, in our opinion, only an expression in some way, by vote or otherwise, on the part of the corporation, of a willingness to receive the gift. Within the specified time there was a vote, purporting to express that willingness, and the vote was communicated to the trustee and to the Probate Court. Four of the trustees took part in that vote. Though they voted as members they acquiesced in that vote as trustees. No member or trustee appears to have signified at any time any dissent from that vote. The corporation filed an appearance in the Probate Court on May 21, 1936, and not only did not repudiate that vote but affirmed it by its answer filed on July 29, 1936. We think that the judge could have found

that the vote and the communication of it, however defective they may have been from the standpoint of technical accuracy, were actually the expression of the willingness of the corporation to receive the gift, in which a majority at least of the trustees joined and in which all the trustees acquiesced. As we understand the law of Vermont, that was enough to make them acts of the corporation. *Buckley v. Jennings*, 95 Vt. 205, 209. *Sherman* v. *Fitch*, 98 Mass. 59, 64. *Lyndeborough Glass Co.* v. *Massachusetts Glass Co.* 111 Mass. 315. *Dome Realty Co.* v. *Gould*, 285 Mass. 294, 300. *Hennessey* v. *Nelen*, 299 Mass. 569, 573. See also *Woman's Seaman's Friend Society* v. *Boston Young Women's Christian Association*, 240 Mass. 521, 530, 531. Since the judge could have so found, his general decree in favor of O. M. Fisher Home, Incorporated, must be interpreted as importing an actual finding to that effect, if such a finding is necessary to support the decree. *Evans's Case*, 299 Mass. 435, 437–438. *Johnson* v. *Johnson*, 300 Mass. 24, 28. *Howard* v. *Malden Savings Bank*, 300 Mass. 208, 211. *North Easton Co-operative Bank* v. *MacLean*, 300 Mass. 285, 294. *Carilli* v. *Hersey*, 300 Mass. 329, 331.

The remaining questions may be dealt with shortly. The "purpose" of the incorporation of O. M. Fisher Home, Incorporated, was "of perpetuating the name and memory of Oscar Merrill Fisher" and "to maintain a home for the aged." The dominant purpose was charitable, and was none the less so because the charity was also intended as a private memorial. *Richardson* v. *Essex Institute*, 208 Mass. 311, 317. *Massachusetts Institute of Technology* v. *Attorney General*, 235 Mass. 288, 297. We see no impairment of the use of the charity as a memorial to Oscar Merrill Fisher in the fact that the memorial building provided for in the Gary will is to be known as "Gary Home for the Aged" and is to have that name over the front door and a certain inscription within. Our oldest college is none the less a memorial to John Harvard because a number of dormitories, museums, and other buildings serve also as memorials to others. The charity in its general operation is and must remain a memorial to Oscar Merrill Fisher,

no matter how many buildings or funds are given to it in memory of others.  We need not, therefore, decide whether the University of Vermont, in proceedings in this Commonwealth, is in a position to raise the question of the alleged conflict between the provisions attached to the gift and the articles of association of O. M. Fisher Home, Incorporated, which ordinarily would be raised by the attorney general of the State of Vermont in its own courts.  See *Bullard* v. *Shirley*, 153 Mass. 559; *Hubbard* v. *Worcester Art Museum*, 194 Mass. 280; *Chase* v. *Dickey*, 212 Mass. 555, 559, 560; *Farrington* v. *Putnam*, 90 Maine, 405; *Bank of Commerce & Trust Co.* v. *Banks*, 161 Tenn. 11; *Brattleboro Retreat* v. *Brattleboro*, 106 Vt. 228, 238.  We hold that no conflict exists.

We see no reason why O. M. Fisher Home, Incorporated, should be denied the benefit of the gift on the ground that it is practically unable to comply with the terms imposed. It is true that at the present time the endowment and income of the corporation appear insufficient for the equipment and maintenance of a building costing $140,000, and the support of its expected inmates.  But no time is specified within which the building must be built.  *Hayden* v. *Stoughton*, 5 Pick. 528.  *Capen* v. *Skinner*, 177 Mass. 84. *Massachusetts Institute of Technology* v. *Attorney General*, 235 Mass. 288, 295, 296.  The corporation has already received three bequests, and may receive more.  The existence of the building fund may encourage benevolent persons to provide by gift or bequest money for equipment and maintenance.  We do not doubt the good faith of the acceptance.  We need not decide at this time whether the entire fund must be used for the bare construction of the building.  We have merely assumed that to be true for the sake of the argument.  See *Adams* v. *Plunkett*, 274 Mass. 453, 464; *In re Robertson* [1930] 2 Ch. 71.

*Decree affirmed.*